Joe Titterington (OBA No. 9,033)
D. Ward Hobson (OBA No. 21,698)
DUNLAP CODDING, P.C.
1601 N.W. Expressway, Suite 1000
Oklahoma City, Oklahoma 73118
Telephone: 405-607-8600
Facsimile: 405-607-8686

H. Douglas Owens (7762)
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone: (801)-799-5800
Facsimile: (801)-799-5700

*Attorneys for Defendants Unique Sea Farms, Ltd.,*
*Tom Harper and Margaret Harper*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| MARINE LIFE SCIENCES, INC.,<br>a Nevada Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>UNIQUE SEA FARMS, LTD.,<br>a British Columbia, Canada entity;<br>TOM HARPER, an individual; and<br>MARGARET HARPER, an<br>individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM IN SUPPORT**<br>**OF DEFENDANT MARGARET**<br>**HARPER'S MOTION TO**<br>**DISMISS FOR LACK OF**<br>**PERSONAL JURISDICTION**<br><br>Case No. 2:09cv00914 TS |

---

Defendant Margaret Harper, an individual residing in British Columbia, Canada,

respectfully moves this Court to dismiss the Complaint filed against her pursuant to Fed.

1

R. Civ. Pro. 12(b)(2).  In support of Margaret Harper's Motion to Dismiss for Lack of Personal Jurisdiction, Margaret Harper states as follows:

## I.      INTRODUCTION

This case involves a Nevada corporation bringing suit in the State of Utah against an individual resident and citizen of British Columbia, Canada.  This Court does not have personal jurisdiction over Margaret Harper for, *inter alia*, the following reasons:

- Plaintiff's Complaint fails to make a *prima facie* showing of personal jurisdiction over Defendant Margaret Harper;
- Margaret Harper lacks sufficient minimum contacts with the State of Utah to allow this Court to exercise personal jurisdiction, either specific or general, as Margaret Harper has not purposefully availed herself of the benefits of Utah law; and
- This Court's exercise of personal jurisdiction does not comport with traditional notions of fair play and substantial justice as required under the due process clause of the Fourteenth Amendment.

As such, Margaret Harper's Motion to Dismiss must respectfully be granted.

## II.     STATEMENT OF RELEVANT JURISDICTIONAL FACTS

1.      Margaret Harper is an individual resident and citizen of British Columbia, Canada.  Margaret Harper is also the President and sole shareholder of Canadian Pacific Algae, Inc. ("CPA"), a British Columbia, Canada entity and the President and sole shareholder of Canadian Pacific Phytoplankton, Ltd. ("CPP"), a British Columbia, Canada entity.  (Declaration of Margaret Harper ("Margaret Harper Decl."), ¶ 1) attached hereto as Exhibit A).

2.      Margaret Harper is not a shareholder, employee or agent of Unique Sea Farms, Ltd. ("USF"), and she has not represented to others that she is a shareholder, employee or agent of USF. CPP and CPA do not own any interest in USF.  (Margaret

Harper Decl., ¶ 2). *See also* (Declaration of Tom Harper In Support of Defendants Motion to Dismiss For Lack of Personal Jurisdiction ("Tom Harper Decl."), ¶ 2, 3, 4, 6, 7 attached as Exhibit A to Defendant Tom Harper and USF's Motion to Dismiss for Lack of Personal Jurisdiction and To Quash Service).

3.     Neither Margaret Harper, nor CPP, nor CPA, are a party to the August 1, 2006, Exclusive License Agreement ("August '06 Agreement") between USF, Tom Harper and Marine Life Sciences LLC ("MLS").   *See* (Declaration of Greg Popp, attached to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Ex. 2.) *See also* (Tom Harper Decl., ¶ 2, 3, 4, 6, 7).

4.     Neither Margaret Harper, nor CPP, nor CPA, are a party to the December 2006, Exclusive License Agreement ("December '06 Agreement") between USF, Tom Harper and MLS.   *See* (Declaration of Greg Popp, attached to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Ex. 3.) *See also* (Tom Harper Decl., ¶ 2, 3, 4, 6, 7).

5.     Neither Margaret Harper, nor CPP, nor CPA, are a party to the March 1, 2008, Exclusive License Agreement ("March '08 Agreement") between USF, Tom Harper and MLS.   *See* (Declaration of Greg Popp, attached to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Ex. 4.) *See also* (Tom Harper Decl., ¶ 2, 3, 4, 6, 7).

6.     Margaret Harper never traveled to Utah for CPA or CPP business. Margaret Harper has traveled to Utah approximately three to four times, each time to accompany my husband Tom Harper, when he was invited to speak at conferences hosted

3

by ForeverGreen LLC ("ForeverGreen").   On one such trip Margaret Harper was interviewed by a representative of ForeverGreen for use in a video.  (Margaret Harper Decl., ¶ 6). *See also* (Tom Harper Decl., ¶ 2, 3, 4, 6, 7).


7.      Neither Margaret Harper, nor CPP nor CPA have shipped any of CPP's or CPA's products into the State of Utah. (Margaret Harper Decl., ¶ 7)

8.      CPA and CPP are not, and have never been, registered or licensed as a foreign corporation doing business in the State of Utah, nor have CPA and CPP applied for, received, or been denied any such registration or license.  (Margaret Harper Decl., ¶ 8)

9.      Neither Margaret Harper, nor CPP, nor CPA have ever owned or leased any real or personal property in the State of Utah. (Margaret Harper Decl., ¶ 9)

10.      Neither Margaret Harper, nor CPP, nor CPA have ever maintained an office in the State of Utah; nor have Margaret Harper, CPP, or CPA ever maintained any bank accounts in the State of Utah.  (Margaret Harper Decl., ¶ 10)

11.      CPP and CPA have never had any employees based in the State of Utah. CPP and CPA have not contracted to insure any person, property, or risk located within the State of Utah at the time of contracting.  (Margaret Harper Decl., ¶ 11)

12.      Neither Margaret Harper, nor CPA, nor CPP conduct business in the state of Utah.  Nor do I, CPP, or CPA regularly solicit business, promote CPA's or CPP's business, or engage in marketing in Utah.  CPP and CPA have a passive website which provides information about CPP and CPA and which provides contact information for

4

individuals to contact CPP and CPA respectively.  Users of the CPP and CPA websites cannot purchase goods, or contract to purchase goods via the websites.  (Margaret Harper Decl., ¶ 12)

13.     Neither Margaret Harper, nor CPA, nor CPP maintain any type of listing in the local Utah telephone books.  (Margaret Harper Decl., ¶ 13)

14.     Neither Margaret Harper, nor CPA, nor CPP maintain any type of toll-free number in the State of Utah.  (Margaret Harper Decl., ¶ 14)

15.     Neither Margaret Harper, nor CPA, nor CPP advertised in any local and/or national journals, trade publications, periodicals or newspapers circulated in the State of Utah.  (Margaret Harper Decl., ¶ 15)

16.     Neither Margaret Harper, nor CPA, nor CPP advertised on any of the local television or radio stations in the State of Utah.  (Margaret Harper Decl., ¶ 16)

17.     Neither Margaret Harper, nor CPA, nor CPP purchase any goods from any persons or entities in the State of Utah.  (Margaret Harper Decl., ¶ 17)

18.     Neither Margaret Harper, nor CPA, nor CPP have ever been assessed for any franchise, income, real or personal property taxes by the State of Utah, nor have they paid any such taxes to the State of Utah.  (Margaret Harper Decl., ¶ 18)

19.     Neither Margaret Harper, nor CPA, nor CPP have ever filed an action as a plaintiff or previously been a defendant in a lawsuit in the State of Utah, or anywhere in the United States. (Margaret Harper Decl., ¶ 19)

20.     All of CPP's and CPA's employees who would testify regarding the alleged incident reside in Canada.  It would be a substantial hardship and inconvenience

for Margaret Harper, and employees of CPP and CPA, all of whom are Canadian citizens, to attend a trial in Utah.  (Margaret Harper Decl., ¶ 20)

21.    Neither Margaret Harper, nor CPA, nor CPP have any contacts with the State of Utah which would establish jurisdiction over me in courts within the State of Utah, and has not submitted to the jurisdiction of the courts of Utah in this case. (Margaret Harper Decl., ¶ 21)

## III.    LEGAL ANALYSIS

### A.    Plaintiff's Complaint Fails To Meet Its Burden Of Making A *Prima Facie* Showing Of Personal Jurisdiction Over Margaret Harper.

It is plaintiff's burden to make a *prima facie* showing of personal jurisdiction over a defendant.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("when the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists.").  Failure to include sufficient allegations in the complaint upon which a court could base jurisdiction is fatal.  *Parry v. Ernst Home Ctr. Corp.*, 779 P.2d 659, 668 (Utah 1989) (wherein the Utah Supreme Court held that "[t]he burden is on the plaintiff to show that defendant engaged in some substantial activity which constitutes a purposeful minimum contact within this state," and found that plaintiff failed to meet that burden, affirming dismissal of plaintiff's complaint against international defendants.).  Even if Plaintiff makes a *prima facie* showing, defendant's uncontradicted evidence, including affidavits, may defeat jurisdiction.  *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984); *Anderson v. Am. Soc'y of Plastic & Reconstructive Surgeons*, 807 P.2d 825 (Utah 1990) ("a plaintiff cannot rely on allegations made in the complaint if the defendant has specifically controverted alleged

jurisdictional facts by affidavit.") (citation omitted). If the plaintiff fails to meet its burden, and the defendant lacks sufficient contacts with the State of Utah, then the Court lacks jurisdiction over that party and a motion to dismiss is proper. *See Parry*, 779 P.2d at 668.

Here, Plaintiff's allegations supporting jurisdiction are insufficient and contradicted by the evidence. Plaintiff attempts to establish personal jurisdiction by inaccurately alleging that: "Both Tom and Margaret Harper have represented that Margaret is a co-owner of USF and . . . [she] has been substantially involved in the activities of USF and the various acts and transactions forming the basis of this lawsuit." (Complaint, ¶ 4). Plaintiff also attempts to establish personal jurisdiction by inaccurately alleging that ". . . she [Margaret Harper] has repeatedly traveled to Utah on business, including with respect to the matters alleged [in the Complaint]." (Complaint ¶ 4). However, these allegations are refuted by Mrs. Harper, who states in her Declaration, "I am not a shareholder, employee or agent of Unique Sea Farms, Ltd. ("USF"), and I have not represented to others that I am a shareholder, employee or agent of USF." (Margaret Harper Decl., ¶ 2). Mrs. Harper also states "I have never traveled to Utah for CPA or CPP business. I have traveled to Utah approximately three to four times, each time to accompany my husband Tom Harper, when he was invited to speak at conferences hosted by ForeverGreen LLC ("ForeverGreen")." (Margaret Harper Decl., ¶ 6) *See also* (Tom Harper Decl., ¶ 2, 3, 4, 6, 7).

Accordingly, because Plaintiff has failed to meet its *prima facie* showing of personal jurisdiction, Defendant Margaret Harper's Motion to Dismiss should be granted.

**B.    Dismissal Is Warranted When A Party, As Here, Lacks Sufficient Contacts With The Forum State To Subject The Party To The Court's Jurisdiction.**

"A court may bring a defendant into court only where it can exert personal jurisdiction." *iAccess, Inc. v. WEBcard Technologies, Inc.*, 182 F. Supp. 2d 1183, 1185 (D. Utah 2002).  "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."  *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).  Since Utah's long-arm statute extends to the limits of the federal due process clause, *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998), the inquiry is whether exercising jurisdiction over USF comports with due process.  *See iAccess*, 182 F.Supp.2d at 1185-86; *see also Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985); *Parry*, 779 P.2d 659.

With respect to foreign defendants in particular, the unique burdens placed on a party who must defend itself in a foreign legal system should have "significant weight in assessing the reasonableness of stretching the long arm or personal jurisdiction over national borders."  *Parry*, 779 P.2d at 662 (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 114 (1987)).  As such, great care and reserve should be taken when extending personal jurisdiction into the international field.  *Id.*

**1.    Margaret Harper is Not Subject to General Jurisdiction in Utah.**

Personal jurisdiction over a party may be general or specific.  "General personal jurisdiction permits a court to exercise power over a defendant without regard to the

subject of the claim asserted." *Harnischfeger Engineers, Inc. v. Uniflo Conveyor, Inc.*,
883 F.Supp. 608, 611 (D. Utah 1995). "For such jurisdiction to exist, the defendant must
be conducting substantial and continuous local activity in the forum state." *Arguello v.
Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992) (citation omitted). The issue
to be decided, therefore, is whether the defendant has had "continuous and systematic
general business contacts" with the forum such that the defendant could reasonably
anticipate being haled into the forum's courts. *Helicopteros Nacionales de Columbia,
S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Harnischfeger*, 883 F.Supp. at 612.[1]

Here, Margaret Harper's contacts with Utah are neither, substantial, continuous, or
systematic. The Complaint itself demonstrates that Margaret Harper is a Canadian
resident. (Complaint, ¶ 4; *see also* Margaret Harper Decl., ¶ 1). Moreover, Margaret
Harper is not a party to any of the agreements in dispute, nor does she conduct business
in Utah, nor is she licensed to conduct business in Utah, nor are CPP and CPA licensed to
conduct business in Utah. (Margaret Harper Decl., ¶¶ 1-8). *See also* (Tom Harper Decl.,
¶ 2, 3, 4, 6, 7).

Margaret Harper does not maintain any offices or mailing addresses in Utah, nor
does she have any agents or employees in Utah or recruit any employees or agents in
Utah. (Margaret Harper Decl., ¶¶ 10, 11). Further, Margaret Harper, does not solicit or

---

[1] Factors to consider regarding general jurisdiction include whether the defendant: engages in
or is licensed to do business in Utah, owns or leases real property in Utah, maintains
employees, offices, agents or bank accounts in Utah, maintains phone or fax listings in Utah,
solicits business in Utah, travels to or visits potential customers in Utah, pays taxes in Utah,
recruits employees in Utah, and generates a substantial percentage of its national sales through
revenue generated in Utah. *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928, 930-31 (Utah Ct.
App. 1998); *Nga Tuyet Thi Ho v. Jim's Enters. Inc.*, 29 P.3d 633. 636-37 (Utah 2001) (adopting
*Buddensick* factors in general jurisdiction analysis*).*

promote its business in Utah, engage in marketing in Utah, or own or lease any real property in Utah.  (Margaret Harper Decl., ¶¶ 9, 12).  Because Margaret Harper lacks substantial, continuous and systematic contacts with Utah, she is not subject to the general jurisdiction of this Court.

> ### 2.     Margaret Harper is Not Subject to Specific Jurisdiction in Utah.

Unlike general jurisdiction, "specific personal jurisdiction gives a court power over a defendant only with respect to claims arising out of the particular activities of the defendant in the forum state.  Specific personal jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable." *iAccess*, 182 F.Supp.2d at 1186.  "[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.'"  *Nat'l Petroleum Mkt'g, Inc. v. Phoenix Fuel Co.*, 902 F.Supp. 1459, 1465 (D. Utah 1995) (citation omitted); *Jacobsen Constr. Co. v. Teton Builders*, 106 P.3d 719, 727 (Utah 2005).

Because Plaintiff cannot establish any of these requirements, this Court should dismiss the action against Margaret Harper for lack of personal jurisdiction.

> ### a)     Margaret Harper Has Not Conducted Any Activities Set Forth In Utah's Long-Arm Statute.

Utah's long-arm statute, provides in pertinent part:

> Any person . . . who in person or through an agent does any
> of the following enumerated acts, submits himself . . . to
> the jurisdiction of the courts of this state as to any claim
> arising out of or related to:
>> (1) the transaction of any business within this state;
>> (2) contracting to supply services or goods in this
>> state;
>> (3) the causing of any injury within this state
>> whether tortious or by breach of warranty;
>> (4) the ownership, use, or possession of any real
>> estate situated in this state;
>> (5) contracting to insure any person, property, or
>> risk located within this state at the time of the
>> contracting.

Utah Code Ann. § 78-27-24. The "[u]nilateral activity of those claiming a relationship

with a nonresident defendant is not sufficient" to impose specific personal jurisdiction.

*Far W. Capital*, 46 F.3d at 1075. As the Utah Supreme Court has explained, "the

transaction of business within the meaning of our statute requires that the defendant has

engaged in some substantial activity with some degree of continuity within [Utah]."

*Union Ski Co. v. Union Plastics Corp.*, 548 P.2d 1257, 1259 (Utah 1976).

As discussed above, Margaret Harper does not conduct business in Utah, is not licensed

to conduct business in Utah, does not maintain any offices or mailing addresses in Utah,

and does not have any employees or agents in Utah. (Margaret Harper Decl., ¶¶ 7-11).

Further, Margaret Harper does not solicit business, promote her business or engage in

marketing in Utah and has not contracted to insure any person, property, or risk located

within this Utah. (Margaret Harper Decl., ¶¶ 12-17). Additionally, Margaret Harper has

not contracted to supply goods or purchase goods within the State of Utah. (Margaret

Harper Decl., ¶ 3-5, 7, 12). Most importantly, Margaret Harper has not caused any injury

within the State of Utah. (Margaret Harper Decl., ¶¶ 2-5). *See also* (Tom Harper Decl., ¶

2, 3, 4, 6, 7).  Thus, Margaret Harper's activities do not implicate the State of Utah, and do not meet the requirements set forth in Utah's long-arm statute.

>    **b)    This Action Does Not Arise Out of or Relate to Any Purported Contacts of Margaret Harper to the State of Utah.**

The nexus requirement has been interpreted as "granting jurisdiction to the courts of [Utah] only where a non-resident defendant has engaged in some conduct within the state and the plaintiff's claims against the defendant specifically 'arise from' that conduct."  *Harnischfeger*, 883 F. Supp. at 617-618.  The District Court of Utah further explained in *Harnischfeger*, that the "arising from" language "means that something 'originates' or 'springs' from something else."  *Id*. at 617; *accord Patriot Sys., Inc. v. C-Cubed Corp.*, 21 F. Supp. 2d 1318, 1324 (D. Utah 1998).

Here, there is no nexus between any purported contacts of Margaret Harper with the State of Utah and Plaintiff's claims.  According to the Complaint, the only alleged contact that Margaret Harper had with the State of Utah is that "Both Tom and Margaret Harper have represented that Margaret is a co-owner of USF and . . . Margaret has been substantially involved in the activities of USF and the various acts and transactions forming this lawsuit.  (Complaint ¶ 4)  Plaintiff also alleges that ". . . she [Margaret Harper] has repeatedly traveled to Utah on business, including with respect to the matters alleged [in the Complaint]."  (Complaint ¶ 4)  Again, these statements are refuted by Mrs. Harper "I am not a shareholder, employee or agent of Unique Sea Farms, Ltd. ('USF'), and I have not represented to others that I am a shareholder, employee or agent of USF."  (Margaret Harper Decl., ¶ 2). *See also* (Tom Harper Decl., ¶ 2, 3, 4, 6, 7). "I have never traveled to Utah for CPA or CPP business.  I have traveled to Utah approximately three to four

times, each time to accompany my husband Tom Harper, when he was invited to speak at conferences hosted by ForeverGreen LLC ("ForeverGreen")."  (Margaret Harper Decl., ¶ 6)  *See also* (Tom Harper Decl., ¶ 2, 3, 4, 6, 7).  Thus, the allegations of the Complaint demonstrate a complete disconnect to Margaret Harper's purported relationship with the State of Utah.  As such, Plaintiff's claims are entirely unfounded and Margaret Harper's Motion to Dismiss should be granted.

   **B.**   **Exercising Jurisdiction Over Margaret Harper Would Not Satisfy the Requirements of Due Process.**

      **1.**   **Margaret Harper Has No Meaningful Contacts With The State Of Utah, And Has Never Purposefully Availed Herself Of The Benefits Or Protections Of Utah Law.**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)).  The "minimum contacts" necessary for specific personal jurisdiction are established "'if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to "those activities.'"  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  Thus, the defendant "must have 'deliberately' created some relationship with Utah that would serve to make Utah's potential exercise of jurisdiction foreseeable," and "must have engaged in activity that is 'expressly aimed' or 'intentionally directed' at Utah residents."  *iAccess*, 182 F. Supp. 2d at 1186.

"If the defendant's activities create sufficient minimum contacts, [a court] then consider[s] 'whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'"   *Soma*, 196 F.3d at 1298 (quoting *Asahi Metal Indus. Co.*, 480 U.S. at 113).   Regarding minimum contacts, "it is essential in each case that there be some act by which the defendant purposely [sic] avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of the laws."   *Far W. Capital*, 46 F.3d at 1075.   Indeed, the U.S. Supreme Court, in *Burger King Corp.*, noted that "the existence of a contract with a resident of the forum state is insufficient by itself to create personal jurisdiction over the nonresident."   *Roth v. Marquez*, 942 F.2d 617, 621 (9th Cir. 1991).

As the Supreme Court of Utah held, "one of the primary ingredients of the due process inquiry into personal jurisdiction over a nonresident, is whether it is more fair and just to require defendant to undertake added costs and inconvenience of litigating in [Utah] courts than it is to require plaintiff to undertake those costs and that inconvenience by pursuing defendant in the state in which defendant resides.   *Roskelley & Co. v. Lerco, Inc.*, 610 P.2d 1307, 1310 (Utah 1980).   In fact, several courts have found that personal jurisdiction is lacking even though the defendants in those cases had more significant contacts with the State of Utah than Margaret Harper does in the present case.   *See Soma Med. Int'l v. Std. Chtd. Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999) (no personal jurisdiction even though defendant sent 17 written communications to a Utah plaintiff and opened a bank account for the Utah plaintiff); *see also Cate Rental Co. v. Whalen & Co.*, 549 P.2d 707, 708 (Utah 1976) (no personal jurisdiction even though defendant

called Utah plaintiff 5 times a year over 10 years to order products, plaintiff would ship supplies to defendant, and defendant would pay Utah plaintiff by mail).

Here, Margaret Harper's purported contacts with the State of Utah are tenuous at best.  Plaintiff's Complaint states that Margaret Harper is an individual resident of British Columbia, Canada.  (Complaint, ¶ 4; *see also* Margaret Harper Decl., ¶ 1)  Margaret Harper is not a party to any of the contracts in dispute.  (Margaret Harper Decl., ¶¶2-5)  Moreover, Margaret Harper does not conduct business in Utah, is not licensed to conduct business in Utah, does not maintain any offices or mailing addresses in Utah, nor does she have any employees or agents in Utah or recruit any such employees or agents. (Margaret Harper Decl., ¶¶ 10-11).  Further, Margaret Harper does not regularly solicit business, promote its business or engage in marketing in Utah or own or lease any real property in Utah.  (Margaret Harper Decl., ¶¶ 9, 12).

Since Margaret Harper has no meaningful contacts with the State of Utah, and has never purposefully availed herself of the benefits or protections of Utah law, the exercise of personal jurisdiction over Margaret Harper fails to comport with Due Process.  In short, Margaret Harper lacks sufficient contacts with the State of Utah to properly allow this Court to exercise specific personal jurisdiction over her.

> **2.     However, Even Assuming *Arguendo*, That Margaret Harper Had Sufficient Minimum Contacts With Utah, Assertion Of Personal Jurisdiction Would Be Unreasonable.**

Relevant factors in determining the reasonableness of asserting jurisdiction include: "(1) the burden on defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the

interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *DeMoss v. City Mkt., Inc.*, 762 F. Supp. 913, 919-20 (D. Utah 1991); *see also Benton v. Cameco Corp.*, 375 F.3d 1070, 1078 (10th Cir. 2004) (citing *OMI Holdings, Inc.*, 149 F.3d 1086).

Here, these factors weigh heavily against the assertion of personal jurisdiction by this Court. Since Margaret Harper is a Canadian citizen and Plaintiff is a Nevada Corporation, Utah has little or no interest in adjudicating this dispute. Further, most of the witnesses are located outside of Utah and the resolution of this controversy would be more efficient where the witnesses are located. Finally, as Margaret does not conduct business in Utah, and has no offices or employees in Utah, it would be difficult for her to properly participate in litigation here.

Accordingly, even if Margaret Harper were found to have sufficient contacts with Utah, the assertion of personal jurisdiction would be unreasonable, and thus, Margaret Harper's Motion to Dismiss should be granted.

## IV.   CONCLUSION

For the foregoing reasons, Margaret Harper respectfully requests that this Court grant her motion to dismiss, as the Court lacks personal jurisdiction over her.

DATED this 23rd day of November, 2009.

Respectfully submitted,


   __/s/ Joseph P. Titterington_____
Joseph P. Titterington (OBA No. 9,033)

16

D. Ward Hobson (OBA No. 21,698)
DUNLAP CODDING, P.C.

H. Douglas Owens (7762)
HOLLAND & HART LLP

*Attorneys for Defendants Unique Sea Farms, Ltd.,
Tom Harper and Margaret Harper*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2009, I have caused to be electronically filed the foregoing MOTION TO DISMISS DEFENDANT MARGARET HARPER FOR LACK OF PERSONAL JURISDICTION with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

Richard D. Flint                           richard.flint@hro.com
Christopher R. Hogle                   chris.hogle@hro.com
Holme Roberts & Owen LLP
299 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2263

                         __/s/ D. Ward Hobson_____
                         D. Ward Hobson

17