Joe Titterington (OBA No. 9,033)
D. Ward Hobson (OBA No. 21,698)
DUNLAP CODDING, P.C.
1601 N.W. Expressway, Suite 1000
Oklahoma City, Oklahoma 73118
Telephone: 405-607-8600
Facsimile: 405-607-8686

H. Douglas Owens (7762)
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone: (801)-799-5800
Facsimile: (801)-799-5700

*Attorneys for Defendants Unique Sea Farms, Ltd.,*
*Tom Harper and Margaret Harper*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| MARINE LIFE SCIENCES, INC.,<br>a Nevada Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>UNIQUE SEA FARMS, LTD.,<br>a British Columbia, Canada entity;<br>TOM HARPER, an individual; and<br>MARGARET HARPER, an<br>individual,<br><br>    Defendants. | **MEMORANDUM IN SUPPORT<br>OF DEFENDANTS USF AND<br>TOM HARPER'S MOTION TO<br>DISMISS FOR LACK OF<br>PERSONAL JURISDICTION<br>AND TO QUASH SERVICE**<br><br>Case No. 2:09cv00914 TS |

---

Defendant Unique Sea Farms, Ltd., a Canadian Corporation ("USF"), and Tom

Harper, a Canadian citizen, (collectively "Defendants") respectfully move this Court to

1

dismiss the Complaint filed against Defendants by Plaintiff Marine Life Sciences, Inc. pursuant to Fed. R. Civ. Pro. 12(b)(2) and Fed. R. Civ. Pro. 12(b)(5).  In support of Defendants Motion to Dismiss, Defendants state as follows:

## I.      INTRODUCTION

This case involves a Nevada corporation bringing suit in the State of Utah against a Canadian corporation and an individual resident and citizen of British Columbia, Canada. This Court does not have personal jurisdiction over Defendants Tom Harper and USF for, *inter alia*, the following reasons:

- Tom Harper was lured into Utah for the purpose of serving him with process, both individually and on behalf of USF, and such service of process should be quashed;
- Service of process upon Tom Harper in Utah on behalf of USF does not establish personal jurisdiction in this case over USF;
- Plaintiff's Complaint fails to make a *prima facie* showing of personal jurisdiction over Defendants;
- Defendants lack sufficient minimum contacts with the State of Utah to allow this Court to exercise personal jurisdiction, either specific or general, as Defendants have not purposefully availed themselves of the benefits of Utah law; and
- This Court's exercise of personal jurisdiction does not comport with traditional notions of fair play and substantial justice as required under the due process clause of the Fourteenth Amendment.

As such, Defendants respectfully request that its Motion to Dismiss be granted.

## II.     STATEMENT OF RELEVANT JURISDICTIONAL FACTS

1.      Tom Harper is a Canadian citizen who resides in British Columbia, Canada. Tom Harper is also the President and sole shareholder of USF, a British Columbia, Canada entity.  USF's principal place of business is in British Columbia, Canada.  (Declaration of Tom Harper ("Tom Harper Decl."), ¶ 1) attached hereto as Exhibit A)

2.     Tom Harper traveled to Utah on business in early December 2007, to deal with certain issues related to the Unique Sea Farms, Ltd., and ForeverGreen International, LLC, Agreement.  (Tom Harper Decl., ¶ 5)

3.     Tom Harper has traveled to Utah approximately three to four times to speak at conferences hosted by ForeverGreen LLC ("ForeverGreen"). ForeverGreen paid for his travel expenses related to these trips.  Margaret Harper, Tom Harper's wife, accompanied him on several of these trips.  On one such trip Margaret Harper, was interviewed by a representative of ForeverGreen for use in a video which was being prepared by ForeverGreen.  (Tom Harper Decl., ¶ 7)

4.      On approximately September 1, 2009, Mr. Harper received a telephone call from an agent of ForeverGreen who invited him to be a speaker at a conference hosted by ForeverGreen in Utah.  ForeverGreen offered to pay for Mr. Harper's plane tickets, hotel and meals.  Mr. Harper accepted the invitation and arrived in Utah on October 8, 2009.  (Tom Harper Decl., ¶ 8)

5.     Plaintiff Marine Life Sciences, Inc. filed its Complaint [Doc. No. 1] on October 8, 2009.

6.     On October 9, 2009, Tom Harper was interviewed on stage at the conference. Also, on October 9, 2009, Mr. Gregg Popp, president of MLS, invited Tom Harper to visit MLS and ForeverGreen's office in order to meet MLS and ForeverGreen's new team and to meet John Clayton.  Mr. Popp drove Tom Harper back to his hotel in Salt Lake City.  (Tom Harper Decl., ¶ 8)

7.     Mr. Popp signed his Declaration In Support of Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction [Doc. No. 6]) on October 9, 2009.

8.     On October 10, 2009, at around 9:00 a.m. Mr. Harper received a knock on his hotel door.  When Mr. Harper opened the door he was served with a copy of the Complaint. (Tom Harper Decl., ¶ 8)

9.     ForeverGreen and MLS have common directors and shareholders.  According to ForeverGreen's Form 8-K and Form 10-Q found on its website, George Brimhall and John Clayton are "major shareholders" of MLS and shareholders and directors of ForeverGreen.   The Form 8-K provides that Mr. Brimhall beneficially owns 26.6% of ForeverGreen and Mr Clayton beneficially owns 11% of ForeverGreen.    (Tom Harper Decl., ¶ 9)

10.     USF does not and has not shipped any products into the state of Utah.  USF ships products F.O.B. British Columbia, Canada.  (Tom Harper Decl., ¶ 10)

11.     USF is not, and has never been, registered or licensed as a foreign corporation doing business in the State of Utah, nor has USF applied for, received, or been denied any such registration or license.  (Tom Harper Decl., ¶ 11)

12.     Neither Tom Harper nor USF have ever owned or leased any real or personal property in the State of Utah. (Tom Harper Decl., ¶ 12)

13.     Neither Tom Harper nor USF have ever maintained an office in the State of Utah; nor have USF or Tom Harper ever maintained any bank accounts in the State of Utah. (Tom Harper Decl., ¶ 13)

14.     Neither Tom Harper nor USF have ever had any employees based in the State of Utah.  (Tom Harper Decl., ¶ 14)

15.     Neither Tom Harper nor USF have contracted to insure any person, property, or risk located within the State of Utah.  (Tom Harper Decl., ¶ 15)

16.     USF and Tom Harper have never maintained any type of listing in the local Utah telephone books.  (Tom Harper Decl., ¶ 16)

17.     USF and Tom Harper do not maintain any type of toll-free number in the State of Utah.  (Tom Harper Decl., ¶ 17)

18.     USF and Tom Harper have not advertised in any local and/or national journals, trade publications, periodicals or newspapers circulated in the State of Utah.  (Tom Harper Decl., ¶ 18)

19.     USF and Tom Harper have not advertised on any of the local television or radio stations in the State of Utah.  (Tom Harper Decl., ¶ 19)

20.     USF and Tom Harper have not advertised or otherwise actively solicited business in the State of Utah.  (Tom Harper Decl., ¶ 20)

21.     USF has not purchased any goods from any persons or entities in the State of Utah.  (Tom Harper Decl., ¶ 21)

22.     USF and Tom Harper have never been assessed for any franchise, income, real or personal property taxes by the State of Utah, nor has it paid any such taxes to the State of Utah.  (Tom Harper Decl., ¶ 22)

23.     USF and Tom Harper have never filed an action as a plaintiff or previously been a defendant in a lawsuit in the State of Utah, or anywhere in the United States. (Tom Harper Decl., ¶ 23)

24.     All of USF's employees who would testify regarding the alleged incident reside in Canada.  It would be a substantial hardship and inconvenience for USF and its employees, all of whom are Canadian citizens, to attend a trial in Utah.  (Tom Harper Decl., ¶ 24)

25.     USF and Tom Harper have no contacts with the State of Utah which would establish jurisdiction over USF and Tom Harper in courts within the State of Utah, and USF and Tom Harper have not submitted themselves to the jurisdiction of the courts of Utah. (Tom Harper Decl., ¶ 25)

## III.     LEGAL ANALYSIS

### A.     Service of Process Upon Tom Harper In The Forum Does Not Establish Personal Jurisdiction Over Tom Harper or USF

"Ordinarily, service of process upon appellee while he was present in the forum state would suffice to confer personal jurisdiction."  *See Burnham v. Superior Court of Cal., Marin County*, 495 U.S. 604, 109 L. Ed. 2d 631, 110 S. Ct. 2105 (1990).  However, there is a long-standing exception to this rule, where "a person is induced by artifice or fraud to come within the jurisdiction of the court for the purpose of procuring service of process." *Commercial Mut. Accident Co. v. Davis*, 213 U.S. 245, 256, 53 L. Ed. 782, 29 S. Ct. 445 (1909); *see also Stanko v. LeMond*, 1991 U.S. Dist. LEXIS 11052 * 17 (E.D. Penn. 1991) ("In-state service violates 'traditional notions of fair play and substantial justice' where the service is effected through fraud, trickery, deceit, or by luring the defendant into the

jurisdiction with a design merely to create personal jurisdiction.  When service within the state occurs under these circumstances, a court is not obligated to be a participant in plaintiff's inexcusable conduct.").

The facts strongly suggest[1] that Tom Harper was "lured" into Utah for the purpose of effecting service.  ForeverGreen invited Mr. Harper to be a speaker at a conference which it was hosting in Utah.  (Tom Harper Decl., ¶ 8)  Mr. Harper accepted the invitation and arrived in Utah on October 8, 2009.  (Tom Harper Decl., ¶ 8)  Plaintiff filed this action on that same date.   (See Complaint [Doc. No. 1]).

The following day, Tom Harper was interviewed on stage at the ForeverGreen conference.  (Tom Harper Decl., ¶ 8)  Also on that day, Mr. Gregg Popp, president of MLS, invited Tom Harper to go with him to visit MLS and ForeverGreen's offices.  (Tom Harper Decl., ¶ 8)     At the conclusion of the meeting, Mr. Popp drove Mr. Harper back to his hotel.  (Tom Harper Decl., ¶ 8)   At some point during the day, Mr. Greg Popp signed his Declaration in Support of Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction [Doc. No. 6]) on October 9, 2009.  (Tom Harper Decl., ¶ 8)

On the following day, October 10, 2009, Mr. Harper received a knock on his hotel door.  (Tom Harper Decl., ¶ 8)  When he opened the door he was served with a copy of the Complaint.   (Tom Harper Decl., ¶ 8)  Thus, it appears that Plaintiff and ForeverGreen devised a scheme to trick Mr. Harper into the forum state for the sole purpose of serving Mr. Harper with process. Through such deceit, Plaintiff was attempting to avoid compliance with Fed. R. Civ. Pro. 4(f), which details the methods by which service of process is to be

---

[1] Defendants respectfully request permission to conduct limited jurisdictional discovery related to Plaintiff's actions regarding the purported service of process on Defendants Tom Harper and USF.

effected on individuals who reside in a foreign country.  Such conduct also indicates Plaintiff's recognition that Tom Harper and USF lack sufficient contacts with Utah to establish personal jurisdiction over them.  Because Plaintiff fraudulently lured Tom Harper into Utah for the purpose of establishing personal jurisdiction, service upon Tom Harper should be quashed.

Moreover, even if the manner of service on Tom Harper is found not to have been accomplished through deceit, it is insufficient to establish service upon USF.  *See C.S.B. Commodities, Inc., v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 849-850 (N.D. Ill. 2009) ("Even if a representative of the corporation is served with process in forum, minimum contacts with the forum remain necessary for this court to exercise personal jurisdiction.") Thus, service of Tom Harper in Utah is not sufficient in and of itself to establish personal jurisdiction over USF.

**B.      Assuming, Arguendo That Service Upon Tom Harper Was Not Sufficient To Establish Personal Jurisdiction for either Tom Harper or USF, Plaintiff's Complaint Fails to Meet its Burden of Making a Prima Facie Showing of Personal Jurisdiction Over Defendants**

Plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction over Tom Harper and USF.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("when the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists.").  Failure to include sufficient allegations in the complaint upon which a court could base jurisdiction is fatal.  *Parry v. Ernst Home Ctr. Corp.*, 779 P.2d 659, 668 (Utah 1989) (wherein the Utah Supreme Court held that "[t]he burden is on the plaintiff to show that defendant engaged in some substantial activity which constitutes a purposeful minimum contact within this state," and found that plaintiff failed to meet that burden,

affirming dismissal of plaintiff's complaint against international defendants.).   Even if Plaintiff makes a *prima facie* showing, defendant's uncontradicted evidence, including affidavits, may defeat jurisdiction.   *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984); *Anderson v. Am. Soc'y of Plastic & Reconstructive Surgeons*, 807 P.2d 825 (Utah 1990) ("a plaintiff cannot rely on allegations made in the complaint if the defendant has specifically controverted alleged jurisdictional facts by affidavit.") (citation omitted).   If the plaintiff fails to meet its burden, and the defendant lacks sufficient contacts with the State of Utah, then the Court lacks jurisdiction over that party and a motion to dismiss is proper.   *See Parry*, 779 P.2d at 668.

Here, Plaintiff's allegations supporting jurisdiction are insufficient and contradicted by the evidence.   Plaintiff attempts to establish personal jurisdiction by alleging that:   (1) USF intentionally conducts business in Utah with Utah businesses, (2) its principals and agents, have repeatedly visited Utah on USF business, including in connection with the negotiation of the agreements that are directly at issue in this case; and (3) USF sends product to Utah for resale.   (Complaint, ¶ 2, 3).   These allegations are refuted by Tom Harper, who states in his Declaration, "USF is not, and has never been, registered or licensed as a foreign corporation doing business in the State of Utah, nor has USF applied for, received, or been denied any such registration or license."   (Tom Harper Decl., ¶ 11)   " I traveled to Utah on business in approximately December of 2006, to deal with certain issues related to the Unique Sea Farms, Ltd. and ForeverGreen International, LLC, Agreement (the "'06 ForeverGreen Agreement")."   (Tom Harper Decl., ¶ 5 Ex. 2).   Further, "USF does not

and has not shipped any products into the state of Utah.  USF ships products F.O.B. British Columbia, Canada."  (Tom Harper Decl., ¶ 10).

Accordingly, because Plaintiff has failed to meet its *prima facie* showing of personal jurisdiction, Defendants Motion to Dismiss should be granted.

1. **Dismissal Is Warranted When A Party, As Is Here, Lacks Sufficient Contacts With The Forum State To Subject The Party To The Court's Jurisdiction.**

"A court may bring a defendant into court only where it can exert personal jurisdiction."  *iAccess, Inc. v. WEBcard Technologies, Inc.*, 182 F. Supp. 2d 1183, 1185 (D. Utah 2002).  "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."  *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).  Since Utah's long-arm statute extends to the limits of the federal due process clause, *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998), the inquiry is whether exercising jurisdiction over USF comports with due process.  *See iAccess*, 182 F.Supp.2d at 1185-86; *see also Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985); *Parry*, 779 P.2d 659.

With respect to foreign defendants in particular, the unique burdens placed on a party who must defend itself in a foreign legal system should have "significant weight in assessing the reasonableness of stretching the long arm or personal jurisdiction over national borders." *Parry*, 779 P.2d at 662 (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 114 (1987)).  As such, great care and reserve should be taken when extending personal jurisdiction into the international field.  *Id*.

(a)     **Defendants USF and Tom Harper are Not Subject to General Jurisdiction in Utah.**

Personal jurisdiction over a party may be general or specific.  "General personal jurisdiction permits a court to exercise power over a defendant without regard to the subject of the claim asserted."  *Harnischfeger Engineers, Inc. v. Uniflo Conveyor, Inc.*, 883 F.Supp. 608, 611 (D. Utah 1995).  "For such jurisdiction to exist, the defendant must be conducting substantial and continuous local activity in the forum state."  *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992) (citation omitted).  The issue to be decided, therefore, is whether the defendant has had "continuous and systematic general business contacts" with the forum such that the defendant could reasonably anticipate being haled into the forum's courts.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Harnischfeger*, 883 F.Supp. at 612.[2]

Here, Defendants contacts with Utah are neither, substantial, continuous or systematic.  The Complaint itself demonstrates that USF is a Canadian corporation with its principal place of business in Canada and that Tom Harper is a resident of Canada.  (Complaint, ¶ 2, 3); *see also* Tom Harper Decl., ¶ 1).  Moreover, USF does not conduct business in Utah, is not licensed to conduct business in Utah, does not maintain any offices or mailing addresses in Utah, nor does it have any agents or employees in Utah or recruit such employees or agents in Utah.  (Tom Harper Decl., ¶¶ 11-14).  Further, USF does not

---

[2] Factors to consider regarding general jurisdiction include whether the defendant: engages in or is licensed to do business in Utah, owns or leases real property in Utah, maintains employees, offices, agents or bank accounts in Utah, maintains phone or fax listings in Utah, solicits business in Utah, travels to or visits potential customers in Utah, pays taxes in Utah, recruits employees in Utah, and generates a substantial percentage of its national sales through revenue generated in Utah.  *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928, 930-31 (Utah Ct. App. 1998); *Nga Tuyet Thi Ho v. Jim's Enters. Inc.*, 29 P.3d 633. 636-37 (Utah 2001) (adopting *Buddensick* factors in general jurisdiction analysis*)*.

solicit or promote its business in Utah, engage in marketing in Utah, or own or lease any real property in Utah.   (Tom Harper Decl., ¶¶ 10-20).   Because USF lacks substantial, continuous and systematic contacts with Utah, it is not subject to the general jurisdiction of this Court.

**(b)      Defendants Are Not Subject to Specific Jurisdiction in Utah.**

Unlike general jurisdiction, "specific personal jurisdiction gives a court power over a defendant only with respect to claims arising out of the particular activities of the defendant in the forum state.   Specific personal jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable."   *iAccess*, 182 F.Supp.2d at 1186.   "[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.'"   *Nat'l Petroleum Mkt'g, Inc. v. Phoenix Fuel Co.*, 902 F.Supp. 1459, 1465 (D. Utah 1995) (citation omitted); *Jacobsen Constr. Co. v. Teton Builders*, 106 P.3d 719, 727 (Utah 2005).

Because Plaintiff cannot establish any of these requirements, this Court should dismiss the action against Defendants for lack of personal jurisdiction.

**(c)      USF and Tom Harper Have Not Conducted Any Activities Set Forth In Utah's Long-Arm Statute.**

Utah's long-arm statute, provides in pertinent part:

> Any person . . . who in person or through an agent does any of the following enumerated acts, submits himself . . . to the

12

> jurisdiction of the courts of this state as to any claim arising out of or related to:
>> (1) the transaction of any business within this state;
>> (2) contracting to supply services or goods in this state;
>> (3) the causing of any injury within this state whether tortious or by breach of warranty;
>> (4) the ownership, use, or possession of any real estate situated in this state;
>> (5) contracting to insure any person, property, or risk located within this state at the time of the contracting.

Utah Code Ann. § 78-27-24.  The "[u]nilateral activity of those claiming a relationship with a nonresident defendant is not sufficient" to impose specific personal jurisdiction.  *Far W. Capital*, 46 F.3d at 1075.  As the Utah Supreme Court has explained, "the transaction of business within the meaning of our statute requires that the defendant has engaged in some substantial activity with some degree of continuity within [Utah]."  *Union Ski Co. v. Union Plastics Corp.*, 548 P.2d 1257, 1259 (Utah 1976).

As discussed above, USF and Tom Harper do not conduct business in Utah, are not licensed to conduct business in Utah, do not maintain any offices or mailing addresses in Utah, and do not have any employees or agents in Utah.  (Tom Harper Decl., ¶¶ 10-23).  Further, Defendants do not solicit business, promote its business or engage in marketing in Utah.  (Tom Harper Decl., ¶¶ 10-20).  The agreements at issue (the "August '06 Agreement" the "December '06 Agreement" and the "August '08 Agreement") were executed by Marine Life Sciences, Corp. not Plaintiff Marine Life Sciences Inc.  *See* (Declaration of Greg Popp, attached to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Ex. 2, 3 and 4.)  Further, Defendants have not caused an injury in Utah.  Plaintiff Marine Life Sciences, Inc. is a Nevada Corporation and Defendants Tom Harper and USF are

13

Canadian entities.   (Complaint ¶¶ 1-3)   Moreover, the work performed by USF was conducted in Canada, where its offices and principal place of business is located.  (Harper Decl., ¶ 1).  Defendants USF and Tom Harper's activities do not implicate the State of Utah, and do not meet the requirements set forth in Utah's long-arm statute.

> **(d)      This Action Does Not Arise Out of or Relate to Any Purported Contacts of Defendants to the State of Utah.**

The nexus requirement has been interpreted as "granting jurisdiction to the courts of [Utah] only where a non-resident defendant has engaged in some conduct within the state and the plaintiff's claims against the defendant specifically 'arise from' that conduct." *Harnischfeger*, 883 F. Supp. at 617-618.  The District Court of Utah further explained in *Harnischfeger*, that the "arising from" language "means that something 'originates' or 'springs' from something else."  *Id.* at 617; *accord Patriot Sys., Inc. v. C-Cubed Corp.*, 21 F. Supp. 2d 1318, 1324 (D. Utah 1998).

Here, there is no nexus between any purported contacts of USF with the State of Utah and Plaintiff's claims.  According to the Complaint, the only alleged contacts that USF and Tom Harper had with the State of Utah are:   (1) that USF intentionally conducts business in Utah with Utah businesses; (2) its principals and agents, have repeatedly visited Utah on USF business, including in connection with the negotiation of the agreements that are directly at issue in this case; and (3) USF sends product to Utah for resale.  (Complaint, ¶ 2.)  Again, these statements are refuted by Defendants USF and Tom Harper:  "USF is not, and has never been, registered or licensed as a foreign corporation doing business in the State of Utah, nor has USF applied for, received, or been denied any such registration or license."  (Tom Harper Decl., ¶ 11)  Plaintiff is a Nevada Corporation and Defendants USF

is a Canadian entity, with its principal place of business in Canada and Tom Harper is an individual and resident of Canada.  (Complaint ¶ ¶ 2, 3.)  Further, "I [Tom Harper] traveled to Utah on business in approximately December of 2006, to deal with certain issues related to the Unique Sea Farms, Ltd. and ForeverGreen International, LLC, Agreement (the "'06 ForeverGreen Agreement") The injury alleged by Plaintiff is not related to the May '06 ForeverGreen Agreement.  (Complaint ¶ 24)  Moreover, "USF does not and has not shipped any products into the sate of Utah.  USF ships products F.O.B. British Columbia, Canada." (Tom Harper Decl., ¶ 10)

Thus, the allegations of the Complaint demonstrate a complete disconnect to USF purported relationship with the State of Utah.  As such, Plaintiff's claims are entirely unfounded and the USF' Motion to Dismiss should be granted.

   **C.    Exercising Jurisdiction Over Defendants Would Not Satisfy the Requirements of Due Process.**

   **(1)    Defendants Have No Meaningful Contacts With The State Of Utah, And Have Never Purposefully Availed Themselves Of The Benefits Or Protections Of Utah Law.**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)).  The "minimum contacts" necessary for specific personal jurisdiction are established "'if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to "those activities.'"  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  Thus, the defendant "must have 'deliberately' created

some relationship with Utah that would serve to make Utah's potential exercise of jurisdiction foreseeable," and "must have engaged in activity that is 'expressly aimed' or 'intentionally directed' at Utah residents." *iAccess*, 182 F. Supp. 2d at 1186.

"If the defendant's activities create sufficient minimum contacts, [a court] then consider[s] 'whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *Soma*, 196 F.3d at 1298 (quoting *Asahi Metal Indus. Co.*, 480 U.S. at 113). Regarding minimum contacts, "it is essential in each case that there be some act by which the defendant purposely [sic] avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of the laws." *Far W. Capital*, 46 F.3d at 1075. Indeed, the U.S. Supreme Court, in *Burger King Corp.*, noted that "the existence of a contract with a resident of the forum state is insufficient by itself to create personal jurisdiction over the nonresident." *Roth v. Marquez*, 942 F.2d 617, 621 (9th Cir. 1991).

As the Supreme Court of Utah held, "one of the primary ingredients of the due process inquiry into personal jurisdiction over a nonresident, is whether it is more fair and just to require defendant to undertake added costs and inconvenience of litigating in [Utah] courts than it is to require plaintiff to undertake those costs and that inconvenience by pursuing defendant in the state in which defendant resides. *Roskelley & Co. v. Lerco, Inc.*, 610 P.2d 1307, 1310 (Utah 1980). In fact, several courts have found that personal jurisdiction is lacking even though the defendants in those cases had more significant contacts with the State of Utah than USF and Tom Harper have in the present case. *See Soma Med. Int'l v. Std. Chtd. Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999) (no personal

jurisdiction even though defendant sent 17 written communications to a Utah plaintiff and opened a bank account for the Utah plaintiff); *see also Cate Rental Co. v. Whalen & Co.*, 549 P.2d 707, 708 (Utah 1976) (no personal jurisdiction even though defendant called Utah plaintiff 5 times a year over 10 years to order products, plaintiff would ship supplies to defendant, and defendant would pay Utah plaintiff by mail).

Here, Defendants purported contacts with the State of Utah are tenuous at best. Plaintiff's Complaint states that USF is a Canadian corporation with its principal place of business in Canada and that Tom Harper is an individual resident of Canada. (Complaint, ¶ ¶ 2, 3); *see also* Tom Harper Decl., ¶ 1). Moreover, Defendants are not licensed to conduct business in Utah, do not maintain any offices or mailing addresses in Utah, nor does USF have any employees or agents in Utah or recruit any such employees or agents. (Tom Harper Decl., ¶¶ 11-17). Further, Defendants do not regularly solicit business, promote its business or engage in marketing in Utah or own or lease any real property in Utah. (Tom Harper Decl., ¶¶ 18-20).

Since Defendants have no meaningful contacts with the State of Utah, and have never purposefully availed itself of the benefits or protections of Utah law, the exercise of personal jurisdiction over Defendants USF and Tom Harper fails to comport with Due Process. In short, Defendants lacks sufficient contacts with the State of Utah to properly allow this Court to exercise specific personal jurisdiction over them.

> **(2)      However, Even Assuming *Arguendo*, That Defendants Have Sufficient Minimum Contacts With Utah, Assertion Of Personal Jurisdiction Would Be Unreasonable.**

Relevant factors in determining the reasonableness of asserting jurisdiction include: "(1) the burden on defendant; (2) the forum state's interest in adjudicating the dispute; (3)

the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *DeMoss v. City Mkt., Inc.*, 762 F. Supp. 913, 919-20 (D. Utah 1991); *see also Benton v. Cameco Corp.*, 375 F.3d 1070, 1078 (10th Cir. 2004) (citing *OMI Holdings, Inc.*, 149 F.3d 1086).

Here, these factors weigh heavily against the assertion of personal jurisdiction by this Court. Since the Defendant Tom Harper is a Canadian citizen and USF is a Canadian corporation, and Plaintiff is a Nevada corporation, Utah has little or no interest in adjudicating this dispute. Further, most of the witnesses are located outside of Utah and the resolution of this controversy would be more efficient where the witnesses are located. Finally, as Defendants USF and Tom Harper do not conduct business in Utah and have no offices or employees in Utah, it would be difficult for USF and Tom Harper to properly participate in litigation here.

Accordingly, even if Defendants USF and Tom Harper were found to have sufficient contacts with Utah, the assertion of personal jurisdiction would be unreasonable, and thus, Defendant USF and Tom Harper's Motion to Dismiss should be granted.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court grant its motion to dismiss, as the Court lacks personal jurisdiction over USF and Tom Harper.

DATED this 23rd day of November, 2009.

Respectfully submitted,

   /s/ Joseph P. Titterington
Joseph P. Titterington (OBA No. 9,033)
D. Ward Hobson (OBA No. 21,698)
DUNLAP CODDING, P.C.

H. Douglas Owens (7762)
HOLLAND & HART LLP

*Attorneys for Defendants Unique Sea Farms, Ltd.,
Tom Harper and Margaret Harper*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2009, I have caused to be electronically filed the foregoing MOTION TO DISMISS DEFENDANTS USF AND TOM HARPER FOR LACK OF PERSONAL JURISDICTION AND TO QUASH SERVICE with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

Richard D. Flint                                   richard.flint@hro.com
Christopher R. Hogle                          chris.hogle@hro.com
Holme Roberts & Owen LLP
299 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2263

   /s/ D. Ward Hobson
D. Ward Hobson