H. Douglas Owens (7762)
Cecilia M. Romero (9570)
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah  84111-1031
Telephone:     (801) 799-5800
Facsimile:     (801) 799-5700

Joseph P. Titterington (*Pro Hac Vice*)
D. Ward Hobson (*Pro Hac Vice*)
Michael A. Schade (*Pro Hac Vice*)
DUNLAP CODDING, P.C.
1601 Northwest Expressway, Suite 1000
Oklahoma City, Oklahoma  73118
Telephone:     (405) 607-8600
Facsimile:     (405) 607-8686

*Attorneys for Defendants Unique Sea Farms, Ltd.,*
*Tom Harper and Margaret Harper*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| MARINE LIFE SCIENCES, INC., | ) | **DEFENDANTS'** |
| | ) | **MEMORANDUM IN** |
| Plaintiff, | ) | **SUPPORT OF MOTION TO** |
| | ) | **DISMISS FOR LACK OF** |
| vs. | ) | **STANDING** |
| | ) | |
| UNIQUE SEA FARMS, LTD., | ) | |
| TOM HARPER, AND | ) | **Case no. 2:09-cv-914 TS** |
| MARGARET HARPER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Unique Sea Farms, Ltd., Tom Harper and Margaret Harper submit the

following memorandum in support of their Motion to Dismiss for Lack of Standing filed

contemporaneously herewith.

## I.     FACTS

Plaintiff Marine Life Sciences, Inc. ("MLS") alleges that it is a Nevada corporation which has its principal place of business located in Salt Lake County, Utah. (Complaint, ¶ 1).   According to the Utah Department of Commerce, Division of Corporations and Commercial Code, however, MLS is not "registered, qualified, or authorized to transact business in the State of Utah."   (*See* Exhibit 1, Declaration of H. Douglas Owens and attachment thereto).

## II.    ARGUMENT AND AUTHORITY

### 1.     Standing requirements.

"Standing [under Article III] is, of course, a threshold issue in every case before a federal court ...."   *Hutchinson v. Pfeil*, 211 F.3d 515, 523 (10th Cir. 2000)(citation omitted).   In order to possess standing, a plaintiff must establish, *inter alia*, that its alleged injury is capable of being redressed by a favorable judicial decision.   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (2002); *see also Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1280 (10th Cir. 2002).

A dismissal for lack of subject matter jurisdiction is properly brought under Fed. R. Civ. P. 12 (b)(1).   When a court's subject matter jurisdiction is challenged on the basis that the plaintiff lacks standing to bring the action, the plaintiff bears the burden of proving its standing.   *Lujan*, 504 U.S. at 561.   A party's standing to bring suit in federal court is to be decided on the basis of the facts that exist at the time the action is filed.   *Id.* at 571 n. 4*; see also Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1535 (10th Cir. 1993)(citation omitted).

"[W]hen a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts[, and i]n such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment." *Davis ex rel. Davis v. United States,* 343 F.3d 1282, 1296 (10th Cir. 2003) (quotation, citation, and brackets omitted).

**2.      MLS's claims are not redressable by this court because MLS was not registered to transact business in the State of Utah on the date it filed this action.**

Pursuant to Utah Annotated Code, § 16-10a-1501(1), "a foreign corporation may not transact business in this state until its application for authority to transact business is filed by the division."   A foreign corporation that fails to register "may not maintain a proceeding in any court in this state until an application for authority to transact business is filed with the division."   Utah Annotated Code, § 16-10a-1502(1).

MLS alleges it is a Nevada corporation and that its principal place of business is located in Salt Lake County, Utah.   (Complaint, ¶ 1)  However, when it filed this action, MLS was not "registered, qualified, or authorized to transact business in the State of Utah...."   (Exhibit 1, Declaration of H. Douglas Owens and attachment thereto).   Since it was not entitled to bring this action on the date it was filed, the injury that MLS alleges it has suffered is not capable of being redressed by this Court.   See *Trinity Outdoor, LLC v. The City of Rockville, Maryland*, 123 Fed. Appx. 101, 2005 U.S. App. LEXIS 3232 (4th Cir. 2005)(unpublished).

In *Trinity,* the Fourth Circuit affirmed the district court's dismissal for lack of standing where plaintiff, a Georgia corporation, had failed to either register to do business in Maryland or to secure a license from the state to engage in the outdoor advertising business.  The district court had held, and the Fourth Circuit agreed, that plaintiff's failure to register to do business in Maryland rendered its claims not redressable by the court.  *Id.*, 123 Fed. Appx. at 105.

## III.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

Dated: December 3, 2009

/s/ H. Douglas Owens
H. Douglas Owens (7762)
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah  84111-1031
Telephone:     (801) 799-5800
Facsimile:     (801) 799-5700

Joseph P. Titterington (*Pro Hac Vice*)
D. Ward Hobson (*Pro Hac Vice*)
Michael A. Schade (*Pro Hac Vice*)
DUNLAP CODDING, P.C.
1601 Northwest Expressway, Suite 1000
Oklahoma City, OK  73118
Telephone:     (405) 607-8600
Facsimile:     (405) 607-8686

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2009, I have caused to be electronically filed the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

Richard D. Flint                                  richard.flint@hro.com
Christopher R. Hogle                              chris.hogle@hro.com
Holme Roberts & Owen LLP
299 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2263


                                        /s/ Lourdes C. Paul
                                        Lourdes C. Paul


4674326_1.DOC