HOLME ROBERTS & OWEN LLP
Richard D. Flint (#7525)
Christopher R. Hogle (#7223)
299 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2263
Telephone:  (801) 521-5800
Facsimile:  (801) 521-9629

*Attorneys for Plaintiff, Marine Life Sciences, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARINE LIFE SCIENCES, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> UNIQUE SEA FARMS, LTD., a British Columbia, Canada entity; TOM HARPER, an individual; and MARGARET HARPER, an individual, <br><br> Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING** <br><br> Case No. 2:09cv00914 <br><br> Judge:  Ted Stewart |

Pursuant to DUCivR 7-1, plaintiff, Marine Life Sciences, LLC ("MLS"), respectfully

submits this memorandum in opposition to defendants' Motion to Dismiss for Lack of Standing.

### INTRODUCTION

In one of several attempts to derail MLS's efforts to begin a process to resolve the

parties' disputes under the Exclusive License Agreements, defendants ask the Court to create a

new rule of jurisdiction, cobbled together from wholly inapposite case law, disregard controlling

authority, and exalt form over substance.

#263595 v1 slc

In particular, defendants assert that "MLS is not registered, qualified, or authorized to transact business in the State of Utah." (Defs.' Memo. in Supp. of Mot. to Dismiss for Lack of Standing ("Defs.' Memo.") at 2.) Defendants argue that this fact – which is wrong – is fatal to subject matter jurisdiction because the Utah Revised Business Corporation Act provides, "A foreign corporation transacting business in this state without authority, or anyone in its behalf, may not maintain a proceeding in any court in this state until an application for authority to transact business is filed with the division." Utah Code Ann. § 16-10a-1502(1). Defendants' argument fails factually and legally.

To begin, § 16-10a-1502 does not implicate this Court's subject matter jurisdiction. This Court has subject matter jurisdiction over this case under federal, not Utah, law. 28 U.S.C. § 1332 provides this Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a) & (a)(2). It is undisputed that these requirements are met:  MLS is a Nevada limited liability company and defendants are Canadian citizens, (Am. Compl. ¶¶ 1-4), and the amount in controversy exceeds $75,000.  (Id. ¶ 9.)

Utah's § 16-10a-1502 does not affect this analysis – "States have no power to enlarge or restrict federal jurisdiction." Atlas RR Constr. Co. v. Columbus & Greenville Ry. Co., 190 F. Supp. 2d 908, 911 (N.D. Miss. 2002) (citing Markham v. City of Newport News, 292 F.2d 711, 713 (4th Cir. 1961)).  Section 16-10a-1502 does not purport to affect subject matter jurisdiction of federal courts, and the Utah Supreme Court has indicated that § 16-10a-1502 does not even affect the subject matter jurisdiction of state courts. Horton v. Richards, 594 P.2d 891, 894

#263595 v1 slc

(Utah 1979). It would be inappropriate for this Court to limit its jurisdiction, as conferred by federal statute, based upon a state statute that does not even effect the jurisdiction of the state courts to which it applies.

Moreover, § 16-10a-1502 has no application to this case because MLS is now registered to do business in the State of Utah. (See Ex. A (Certificate of Registration).) Addressing a substantially similar New Mexico statute, the Tenth Circuit Court of Appeals made plain that statutes like § 16-10a-1502 create only a temporary disability, which can be remedied and, once that is done, application of statutes like § 16-10a-1502 is "moot." Calva Products, Inc. v. Beal, Bridgeforth & Beal, 1995 U.S. App. LEXIS 31144 (10th Cir. 1995). Thus, because MLS has now submitted the "required application," and the state has already issued MLS its Certificate of Registration, defendants' motion is moot.

Finally, MLS does have standing, as federal courts interpret that requirement. The purpose of the standing requirement is to ensure that the plaintiff is the proper entity to bring the claims at issue. MLS easily meets the test of standing articulated in defendants' authorities. Statutes like § 16-10a-1502, which require stays of lawsuits commenced by entities that lack certificates of registration, simply have no bearing on the entities' standing. Defendants' motion is simply an attempt to avoid ever having to defend their conduct toward MLS.

The Court should deny defendants' motion.

## FACTS

MLS is a Nevada limited liability company with its principal place of business in Salt Lake County, Utah. (Am. Compl. ¶ 1.) Defendants are Canadian citizens. (Id. ¶¶ 2-4.) MLS filed this action against defendants for breach of contract, breach of the implied covenant of good

3

#263595 v1 slc

faith and fair dealing, promissory estoppel, declaratory judgment, injurious falsehood, violation

of Utah's Uniform Trade Secrets Act, unfair competition, intentional interference with contracts

and economic relations, and unjust enrichment. (Id. ¶¶ 81-122.)  The amount in controversy

exceeds $75,000. (Id. ¶ 9.)  Defendants do not contest any of those facts.

On December 9, 2009, the Utah Department of Commerce Division of Corporations and

Commercial Code issued a Certificate of Registration to MLS.  (Ex. A (Certificate of

Registration).)  The Certificate was in response to MLS's application to the Division.  (Ex. B

(Application).)  Accordingly, MLS is now "authorized to transact business and was duly

registered under the laws of the State of Utah."  (Ex. A (Certificate of Registration).)

## ARGUMENT

### I.    Defendants Wrongly Invoke Federal Rule of Civil Procedure 12(b)(1).

In this matter, the Court's subject matter jurisdiction is governed by 28 U.S.C. § 1332,

which provides that "district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a) &

(a)(2).  Defendants do not contest the fact that these requirements are met:  MLS is a Nevada

limited liability company and defendants are Canadian citizens, (Am. Compl. ¶¶ 1-4), and the

amount in controversy exceeds $75,000.  (Id. ¶ 9.)

Indeed, the requirements of 28 U.S.C. § 1332(a)(2) were met on the day this case was

filed.  During the December 10, 2009 hearing, defendants cited Grupo Dataflux v. Atlas Global

Group, L.P., 541 U.S. 567 (2004), in support of the notion that "standing is to be determined as

of the date the lawsuit is filed, and after-the-fact remedies to correct standing are simply not

4

permitted." (12/10/09 Hrg. Trans. at 134, attached as Exhibit C.) Grupo Dataflux had nothing to

do with standing. Rather, it holds that an attempt, after the lawsuit was filed, to create complete

diversity among the parties did not satisfy 28 U.S.C. § 1332. Id. at 574-75. The problem in

Grupo Dataflux does not exist in this case. At the time this case was filed, defendants were

Canadian residents, and MLS was a Nevada resident with its principal place of business in Utah

and, thus, a citizen of both Nevada and Utah. 28 U.S.C. § 1332(c)(1) ("For the purposes of this

section . . . a corporation shall be deemed to be a citizen of any state by which it has been

incorporated and of the state where it has its principal place of business . . . ."). Even if MLS's

status in Utah at the time of filing meant that MLS's principal place of business was not in Utah,

there was still complete diversity among the parties, and 28 U.S.C. § 1332(a)(2) was satisfied.

Rather than argue the inapplicability of 28 U.S.C. § 1332(a), defendants argue that § 16-

10a-1502 of Utah's Revised Business Corporation Act deprives this Court of subject matter

jurisdiction. Not so. That statute provides:

> A foreign corporation transacting business in this state without authority, or
> anyone in its behalf, may not maintain a proceeding in any court in this state until
> an application for authority to transact business is filed with the division.

Utah Code Ann. § 16-10a-1502(1). This section does not impact this Court's subject matter

jurisdiction. Indeed, "[s]tates have no power to enlarge or restrict federal jurisdiction." Atlas

RR Constr. Co. v. Columbus & Greenville Ry. Co., 190 F. Supp. 2d 908, 911 (N.D. Miss. 2002)

(citing Markham v. City of Newport News, 292 F.2d 711, 713 (4th Cir. 1961)); see also

Nottingham Constr. Co., LLC v. City of Waveland, 2008 U.S. Dist. LEXIS 17313, at *5 (S.D.

Miss. March 5, 2008) (stating that federal diversity "jurisdiction cannot be limited by state

statute"). The statute does not even purport to limit this Court's jurisdiction, as the phrase "any court in this state" plainly refers only to state courts.

Moreover, the Utah Supreme Court's interpretation of § 16-10a-1502 makes clear that it can have no impact on subject matter jurisdiction, even in state courts. The Utah Supreme Court has made plain that § 16-10a-1502 merely provides a "defense [that] is personal to the extent that the defendant may waive the defense by not asserting it." Horton v. Richards, 594 P.2d 891, 894 (Utah 1979) (citing J. B. Colt Co. v. Dist. Ct. of Fifth Judicial Dist., 269 P. 1017 (Utah 1928), and Tooele Meat & Storage Co. v. Eite Candy Co., 168 P. 427 (Utah 1917)). By contrast, "challenges to subject matter jurisdiction may be raised at any time and cannot be waived by the parties." Barnard v. Wasserman, 855 P.2d 243, 248 (Utah 1993); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Because Utah's statue is "a waivable defense," it "does not implicate the federal courts' subject matter jurisdiction." Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1226 (10th Cir. 2004).

Supporting the conclusion that § 16-10a-1052 is not jurisdictional is the statute's plain language. The statute does not require a court to dismiss a case commenced by an unregistered entity, which, as defendants argue, is the required course of action for lack of subject matter jurisdiction. Instead, the statute directs a court to "stay [the] proceeding" and it explicitly allows the court to lift the stay when "the required application for authority to transact business has been filed." Utah Code Ann. § 16-10a-1502(3). If non-compliance with the statute at the time of lawsuit filing was a subject matter jurisdictional defect, as defendants contend, the court could not simply "stay [the] proceeding"; it would have to dismiss it.

6

#263595 v1 slc

In short, as a matter of basic principles of federalism, § 16-10a-1502 simply cannot impact a federal court's subject matter jurisdiction; the statute does not even purport to do so; and the Utah Supreme Court has held that it is a waivable defense, which takes it out of the realm of subject matter jurisdiction.  In other words, the statute does not even impact state court's subject matter jurisdiction, so to construe it to preclude a federal court's subject matter jurisdiction would be extremely incongruous.

## II.     **Defendants' Motion is Moot.**

Assuming § 16-10a-1502 could somehow impact this Court's subject matter jurisdiction, the Court should deny defendants' Motion as moot because all the statute allows a court to do in the event that the plaintiff is an unregistered foreign entity is "stay the proceeding until the required application for authority to transact business has been filed," and not only has MLS already filed the application, but its application has been approved.

The Tenth Circuit Court of Appeals addressed an identical issue in Calva Products, Inc. v. Beal, Bridgeforth & Beal, 1995 U.S. App. LEXIS 31144 (10th Cir. 1995).  In Calva, the U.S. District Court for the District of New Mexico dismissed a case under a virtually identical New Mexico statute.  While the case was on appeal, the plaintiff corporation obtained the necessary registration.  The Tenth Circuit Court of Appeals declared the appeal "moot" in light of this fact and remanded the case for a determination on the merits.  Calva, 1995 U.S. App. LEXIS 31144. The same analysis would apply here – since defendants filed their motion, MLS submitted the required application (Ex. B), and the State of Utah has already issued MLS its Certificate of Registration.  (See Ex. A (Certificate of Registration).)  Thus, as in Calva, defendants' motion is moot.

#263595 v1 slc

## III.    MLS Has Standing.

In addition to Grupo Dataflux, which does not support defendants, defendants cite the

following cases: Lujan v. Defenders of Wildlife, 504 U.S. 555 (2002); Essence, Inc. v. City of

Fed. Heights, 285 F.3d 1272 (10th Cir. 2002); and Trinity Outdoor, LLC v. City of Rockville,

123 Fed. Appx. 101 (4th Cir. 2005).  Unlike Grupo Dataflux, those cases did involve standing,

and they all turned on the courts' application of the three elements required for standing:  (1) an

actual or imminent injury-in-fact that is concrete and particularized, rather than conjectural or

hypothetical; (2) the injury was caused by the conduct complained of; and (3) such injury is

likely to be redressed by a favorable judicial decision.  Lujan, 504 U.S. at 560-61; Essence, Inc.,

285 F.3d at 1280; Trinity Outdoor, Inc., 123 Fed. Appx. at 104-05.

In this case, the injury MLS alleged in its Amended Complaint and supported with

evidence satisfies all three criteria.  MLS alleged and proved that defendants' breaches of MLS's

contractual exclusivity rights, breaches of their contractual duties of cooperation, interference

with contractual relations and misappropriation of trade secrets has caused MLS to lose business

and, if allowed to continue, will destroy MLS's business.  The injury is actual and imminent and

was caused by defendants' complained-of conduct.  Furthermore, with a favorable judicial

decision on MLS's injunction motion and other requests for relief, MLS's injury will be

redressed.

Relying solely on Trinity Outdoor, LLC, however, defendants argue that "[s]ince it was

not entitled to bring this action on the date it was filed, the injury that MLS alleges it has suffered

is not capable of being redressed by this Court." (Defs.' Memo. at 3.)  For all the reasons

8

#263595 v1 slc

explained above, defendants' argument is simply wrong.  The argument also gets no support

from Trinity Outdoor, LLC.

In Trinity Outdoor, LLC, the plaintiff corporation filed suit against the City of Rockville,

Maryland, alleging that the City had improperly denied its request to erect business signs.  The

Court held that the plaintiff lacked standing because the injury of being unable to erect signs was

neither caused by the City nor was redressable by a favorable judicial decision.  The Court's

holding was *not* based upon some statutory prohibition on lawsuits while the plaintiff entity is

unregistered in the state, which is the basis for defendants' Rule 12(b)(1) motion in this case.

Indeed, the Maryland corporate registration statute construed in Trinity Outdoor, LLC, did not

even require registration as a prerequisite to maintaining a lawsuit in Maryland.  123 Fed. Appx.

at 105 (citing Md. Code Ann., Corps. & Ass'ns, § 7-702).  Instead, the Court's holding was

based on the practical inability of the plaintiff to erect signs in Maryland without authorization to

do business there:

> It is undisputed that, when this litigation was initiated, Trinity had not registered
> to do business in the State of Maryland and it had not obtained an outdoor
> advertising license in that state. . . .  Trinity's alleged injuries, i.e., its inability to
> erect signs, were neither caused by Rockville's denial of its applications pursuant
> to the Sign Ordinance nor redressable by the court.  Put simply, had Rockville
> granted Trinity's sign applications, or had the Sign Ordinance been invalidated in
> court, Trinity would yet have been unable, because of its lack of registration and
> licensing, to engage in the outdoor advertising business in Maryland.

123 Fed. Appx. at 105 (emphasis added).  The plaintiff's injury could not be remedied because

the plaintiff was disqualified from doing business in Maryland, not because the plaintiff was

prohibited from maintaining a lawsuit there.  In short, Trinity Outdoor, LLC in no way supports

defendants' argument that a plaintiff's standing is negated by non-compliance with a state statute

conditioning lawsuits upon registration to do business.

9

#263595 v1 slc

Trinity Outdoor, LLC is not relevant in this case.  MLS's claims do not turn on any future

ability to transact business in Utah that MLS is unauthorized to transact.  Under the Exclusive

License Agreements, MLS may, and does, transact business worldwide.  Lack of authorization to

do business in Utah was not a ground on which USF and Harper opposed MLS's motion for

preliminary injunction, because MLS is not required to be authorized to do business in Utah in

order to realize the benefits of the Exclusive License Agreements.  Even if MLS is required to be

authorized to do business in Utah, MLS *is* so authorized.

## CONCLUSION

In light of the foregoing, the Court should deny Defendants' Motion to Dismiss for Lack

of Standing.  The statute upon which Defendants' motion is based – Utah Code Ann. § 16-10a-

1502 – at most requires the stay of cases initiated by corporate entities that lack certificates of

registration.  A stay is not necessary in this case, because MLS has received its Utah Certificate

of Registration.  Defendants' attempt to transform § 16-10a-1502 into a limit of federal court

jurisdiction that requires dismissal of cases is unsupported by the statute and the authorities

defendants cite; it conflicts with controlling authority; and it should be denied.

RESPECTFULLY SUBMITTED this 21st day of December, 2009.

HOLME ROBERTS & OWEN LLP:

Richard D. Flint
Christopher R. Hogle
*Attorneys for Plaintiff, Marine Life Sciences, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2009, the foregoing

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR**

**LACK OF STANDING** was electronically filed with the Clerk of the Court using the CM/ECF

system, with electronic notice being sent to the following:

> Joseph P. Titterington
> D. Ward Hobson
> Michael A. Schade
> Dunlap Codding, P.C.
> 1601 Northwest Expressway, Suite 1000
> Oklahoma City, Oklahoma  73118
> *Attorneys for Defendants*

> H. Douglas Owens
> Cecilia M. Romero
> Holland & Hart LLP
> 60 East South Temple, Suite 2000
> Salt Lake City, Utah  84111
> *Attorneys for Defendants*



11