H. Douglas Owens (7762)
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Slat Lake City, Utah  84111-1031
Telephone:  801-799-5800
Facsimile:  801-799-5700

Joseph P. Titterington (Pro Hac Vice)
D. Ward Hobson (Pro Hac Vice)
DUNLAP CODDING, P.C.
1601 Northwest Expressway, Suite 1000
Oklahoma City, Oklahoma  73118
Telephone:  405-607-8600
Facsimile: 405-607-8686

*Attorneys for Defendants Unique Sea Farms, Ltd.,
Tom Harper and Margaret Harper*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARINE LIFE SCIENCES, INC., ) | |
| ) | **REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNIQUE SEA FARMS, LTD., TOM HARPER AND MARGARET HARPER, ) | Case no. 2:09-cv-914 TS |
| ) | |
| Defendants. ) | |

Defendants Tom Harper, Margaret Harper and Unique Sea Farms, Ltd. ("USF") respectfully submit this Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Standing ("Memorandum in Opposition"). As discussed more fully below, Defendants Motion to Dismiss should be granted because: (1) standing is a jurisdictional requirement necessary for subject matter jurisdiction; and (2) a lack of subject matter jurisdiction at the time the complaint is filed cannot be retroactively cured.

## **ARGUMENT**

### I. Standing is a Jurisdictional Requirement

"Standing is a jurisdictional issue that can be raised at any time." *Midgard Corp. v. Todd*, 1997 U.S. App. LEXIS 3873 (10th Cir. 1997) (unpublished) (*citing Uselton v. commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993). Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "This triad of injury in fact, causation, and redressability comprises the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-104 (1998).

It is undisputed that when this lawsuit was filed Plaintiff was not registered to conduct business in the state of Utah. (*See* Plaintiff's Memorandum in Opposition, Doc. No. 60 at pg. 3.) Thus, at the time this lawsuit was filed, Plaintiff's claims were not redressable by this Court. *See* Utah Annotated Code, § 16-10a-1501(1) ("a foreign corporation may not transact business in this

state until its application for authority to transact business is filed by the division."); *see also* Utah Annotated Code, § 16-10a-1502(1) (a foreign corporation that fails to register "may not maintain a proceeding in any court in this state until an application for authority to transact business is filed with this divison.")

Plaintiff's argument that Utah Annotated Code, § 16-10a-1501(1)-(2) is not jurisdictional misses the point. *Standing* is jurisdictional and must be satisfied at the moment the lawsuit is filed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (2002); *see also Trinity Outdoor, LLC v. The City of Rockville, Maryland*, 123 Fed. Appx. 101, 2005 U.S. App. LEXIS 3232 (4th Cir. 2005)(unpublished). In *Trinity*, the Fourth Circuit affirmed the district court's dismissal for lack of standing where plaintiff, a Georgia corporation, had failed to either register to do business in Maryland or to secure a license from the state to engage in the outdoor advertising business. *Id.* The district court had held, and the Fourth Circuit agreed, that plaintiff's failure to register to do business in Maryland rendered its claims not redressable by the court. *Id.*, 123 Fed. Appx. at 105.

> By its Opinion, the court held that Trinity's <u>alleged injuries</u> were not caused by Rockville's conduct and <u>those injuries were not redressable</u> by the remedy it sought, <u>in that Trinity was neither registered to do business in Maryland</u> nor licensed to engage in the outdoor advertising business in the state.

*Id.* at 104 (emphasis added). *Trinity* is directly on point. Plaintiff was not registered to do business in Utah at the time it filed suit and was precluded from maintaining an action until such registration was filed. *See* Utah Annotated Code, § 16-10a-1501(1)-(2). Thus, Plaintiff's alleged injuries were not redressable by the Court at the time the Complaint was filed. As a result, Plaintiff lacks the jurisdictional requirement of standing and this Court lacks subject matter jurisdiction.

## II.     A Lack of Subject Matter Jurisdiction At The Time The Complaint Is Filed Cannot Be Retroactively Cured

"A party's standing to bring suit in federal court is to be decided on the basis of the facts that exist at the time the action is filed." *Lujan*, 504 U.S. at 571 n. 4; *see also Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1535 (10th Cir. 1993)(citation omitted).  The fact that Plaintiff subsequently registered to do business in the state of Utah is of no significance.  *See Trinity Outdoor*, at 105, n.5 ("Trinity represented to us at oral argument that it has now complied with, or that it is in the process of complying with, the Maryland registration and licensing requirements.  Because jurisdiction is assessed at the time a complaint is filed, *see Lujan*, 504 U.S. at 571 n.4, such after-the fact compliance by Trinity does not affect this appeal."); *see also Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, (explaining that "It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" (citation omitted))

## CONCLUSION

For the foregoing reasons, Defendants' respectfully request that this Court grant its Motion to Dismiss for Lack of Standing, as this Court lacks subject matter jurisdiction over them.

4

DATED this 30th day of December 2009.

          Respectfully submitted,

          __/s/ D. Ward Hobson_____
          Joseph P. Titterington (Pro Hac Vice)
          D. Ward Hobson (Pro Hac Vice)
          DUNLAP CODDING, P.C.

          H. Douglas Owens (7762)
          HOLLAND & HART LLP

          *Attorneys for Defendants Unique Sea Farms, Ltd.,*
          *Tom Harper and Margaret Harper*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2009, I have caused to be electronically filed the foregoing REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

Richard D. Flint                               richard.flint@hro.com
Christopher R. Hogle                  chris.hogle@hro.com
Holme Roberts & Owen LLP
299 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2263

          __/s/ D. Ward Hobson_____
          D. Ward Hobson