IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARINE LIFE SCIENCES, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIQUE SEA FARMS, LTD., a British Columbia, Canada entity; TOM HARPER, and MARGARET HARPER,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION FOR CLARIFICATION AND DENYING MOTION FOR AN ORDER TO SHOW CAUSE<br><br><br><br>Case No. 2:09-CV-914 TS |

The parties disagree as to the scope of the Court's March 19, 2010 Temporary Restraining Order (TRO) which provided that Defendants were: "ordered to specifically perform under the Exclusive License Agreement dated March 1, 2008, and to supply marine phytoplankton to MLS under the terms of that agreement until the matter can be set for preliminary injunction hearing."[1] Defendants sought clarification that the order did

---

[1] Docket No. 80 (Temporary Restraining Order, at 2).

1

not cover activities other than the payment terms of the 2008 Exclusive License Agreement. Plaintiff responded with a Motion for an Order to Show Cause why defendants should not be held in contempt for the failure to comply with the TRO.

The Court clarifies that the TRO only involved the payment terms found at paragraph 4.4 of the Exclusive License Agreement. The Court finds that the Defendants' other actions involving another case in Canada and a manufacturer did not involve those payment terms.

As to Plaintiff's complaint of the delay in filling its current product order, the evidence is as follows: Defendants' inventory was insufficient to fill that product order. Plaintiff declined to take the small amount of Defendants' inventory that was available because it is economically unfeasible to send such a small amount to its manufacturer. Defendant began its production again earlier this month after a one-year hiatus due to insufficient orders. Production is slow this time of year due to matters beyond Defendants' control such as weather. Defendants will make their production facility available for inspection by Plaintiff or Plaintiff's agent to verify the lack of inventory and the progress of the product's production. Defendants will fill Plaintiff's product order as soon as the product is available. Therefore, there is no showing that Defendants have willfully failed to fill Plaintiffs' product order in a timely manner. Therefore, there is no showing of contempt. It is therefore

ORDERED that Defendant's Motion for Clarification (Docket No. 81) is GRANTED and the TRO is clarified as set forth above. It is further

ORDERED that Plaintiff's Motion for an Order to Show Cause (Docket No. 83) is DENIED.

DATED   April 1, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge