IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARINE LIFE SCIENCES, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIQUE SEA FARMS, LTD., a British Columbia, Canada entity; TOM HARPER, and MARGARET HARPER,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING<br><br><br><br>Case No. 2:09-CV-914 TS |

Defendants move to dismiss for lack of standing because Plaintiff, a Nevada corporation with its principle place of business located in Salt Lake County, Utah, was not registered, qualified, or authorized to transact business in the State of Utah at the time it filed this action. Defendants cite the Utah statutes providing that a foreign corporation may not transact business in Utah "until its application for authority to transact business is filed"[1]

---

[1] UTAH CODE ANN. § 16-10a-1501(1).

1

and a foreign corporation that fails to register "may not maintain a proceeding in any court in this state until an application for authority to transact business is filed."[2] According to Defendants, because Plaintiff could not do business in Utah at the time it filed this action, its claims were not redressable by the Court at the time they were filed and, therefore, Plaintiff lacked standing. Because standing is determined as of the time a case is filed, Defendant argues that this case must be dismissed for lack of standing.

Plaintiff responds that state statutes cannot affect federal jurisdiction and argues that diversity jurisdiction was proper on the day that this case was filed. Plaintiff also argues (1) that § 16-10a-1502 is not jurisdictional; (2) that § 16-10a-1502(3) allows a stay to obtain the necessary certificate; (3) that its subsequent acquisition of the certificate renders this Motion moot; and (4) that it has standing because its claims were redressable as of the date of filing.

The Utah statutes provide as follows:

> A foreign corporation may not transact business in this state until its application for authority to transact business is filed by the division.[3]
>
> A foreign corporation transacting business in this state without authority, or anyone in its behalf, may not *maintain* a proceeding in any court in this state *until* an application for authority to transact business is filed with the division.[4]

*  *  *

---

[2] *Id.* §16-10a-1502(a).

[3] *Id.* § 16-10a-1501(1).

[4] *Id.* §16-10a-1502(1).

2

> A court may stay a proceeding commenced by a foreign corporation, its successor, or assignee until it determines whether the foreign corporation, its successor, or assignee is required to file an application for authority to transact business. If it so determines, the court may further stay the proceeding until the required application for authority to transact business has been filed by the division.[5]

The Court will first address Plaintiff's contention that a state statute may not affect federal jurisdiction based on diversity of citizenship. Insofar as foreign corporations are concerned, "states may close the courthouse doors in both the state and federal courts, but only in cases where federal jurisdiction is based on diversity of citizenship."[6]

However, in this case, § 16-10a-1502 does not absolutely close the courthouse door to a foreign corporation not authorized to do business in the state and thereby require dismissal. Instead, it provides that the case may not be "maintained" "until" that foreign corporation files its application for authority to transaction business in the state. Further, in subsection (3), it also provides the court may stay the case to first determine if a corporation is required to file an application for authority to transact business and, if so, to "further stay the proceeding until the required application for authority to transact business has been filed." [7]

---

[5]*Id*. § 16-10a-1502 (3) (emphasis added).

[6]*American Export Lines, Inc. v. J & J Distributing Co.*, 452 F.Supp. 1160, 1162-63 (D. N.J. 1978). *Accord Wilson v. Williams*, 222 F.2d 692, 697 (10th Cir. 1955) (holding that "where a foreign corporation is thus barred from maintaining an action in the courts of a state until it has obtained a certificate of domestication, it cannot maintain an action in the United States Court within the state without having obtained such a certificate").

[7]Utah Code Ann. § 16-10a-1502(3).

In enacting §§ 16-10a-1501 and -1502, Utah adopted the Model Business Corporation Act.[8] In *Executive Management. Ltd. v. Ticor Title Insurance Company*,[9] the Ninth Circuit construed a Nevada statute based on the same sections of the Model Business Corporation Act. The Ninth Circuit reversed its previous case law and followed the majority of states with similar statutes which had adopted a "more forgiving approach–rather than dismiss an action filed by an unqualified foreign corporation outright, most states with statutes similar to Nevada's simply stay the action until the corporation qualifies."[10] The stay provision was added by the revised Model Act (adopted by Utah in 1992).[11] As discussed in *Executive Management*, the purpose of including the stay provision in the revised Model Act, is

> "to induce corporations that are required to obtain a certificate of authority" but "without imposing harsh or erratic sanctions." The Model Act observes that this approach eliminates the temptation to wait until the applicable statutes of limitations have run before raising the failure-to-qualify defense.[12]

Under the plain language of the Utah statutes, this case need not be dismissed, and instead could be stayed if Plaintiff had not complied. Because there was subsequent

---

[8] 4 Model Business Corporation Act Annotated §§ 15.01 and 15.02 (3d ed. 1997 2005 Supp.).

[9] 38 P.3d 872 (9th Cir. 2002).

[10] *Id.* at 875 and n.14 (citing annotation and cases supporting the majority position).

[11] 1992 UTAH LAWS ch. 277, § 172; 1993 UTAH LAWS ch. 184, § 7.

[12] *Executive Mgmt.,* 38 P.3d at 875 and n.17 (quoting Model Act § 15.02 cmt).

4

compliance even before briefing on the present motion was completed, a stay is not necessary.

The Court next turns to the issue of whether the lack of compliance at the time of the filing of this case means that Plaintiff's claims were not redressable and, therefore, it lacked standing at the time this case was filed. In support of their position, Defendants rely on an unpublished Fourth Circuit case, *Trinity Outdoor, L.L.C. v. The City of Rockville, Maryland*.[13]  However, *Trinity Outdoor* is not helpful to this issue.  In that case, the defendant city had denied the plaintiff's seven applications to build outdoor signs on the basis that the proposed signs did not comply with its ordinances. The plaintiff then brought a constitutional challenge to the defendant city's outdoor sign ordinance and the only relief it sought was to enjoin enforcement of the ordinance.  The trial court held that where the plaintiff was not licenced to do business in the state and had not obtained an outdoor advertising licence in the state, its inability to erect signs had nothing to do with the ordinance in question.  Therefore, the plaintiff had not shown that its claimed injuries were caused by the ordinance or were redressable in that action.[14]   On appeal, the Fourth Circuit found the plaintiff had failed to establish standing and affirmed the trial court's dismissal of the case under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.  The Fourth

---

[13] 123 Fed. Appx. 101 (4th Cir. Feb. 24, 2004).

[14] 123 Fed. Appx. at 105. The Court notes that unpublished opinions are not binding precedent in the Fourth Circuit.  *Id*. at 1.

5

Circuit also found that the subsequent compliance was not sufficient because standing is determined as of the date the case is filed.[15]

Because *Trinity Outdoor* involved a federal question claim, the ability of the plaintiff to maintain a claim as a foreign corporation in Maryland was not at issue. Further, Maryland laws regarding foreign corporations doing business in Maryland at that time did not contain the same stay language as the Model Act and current Utah law,[16] and, therefore, that case is not helpful to the analysis of this diversity jurisdiction case.

More relevant is the case relied on Plaintiff, *Calva Products, Inc. v. Beal, Bridgeforth & Beal,*[17] an unpublished Tenth Circuit case construing an Oklahoma statute which, in relevant parts, contains the same language as the Utah statute and the Model Act. In *Calva Products*, the trial court dismissed the diversity complaint because the plaintiff, "a foreign corporation transacting business in New Mexico had failed to obtain a certificate of authority to do business."[18] The plaintiff appealed the dismissal and, while the appeal was pending, also filed a motion under Fed. R. Civ. P. 60(b) for relief from the order of dismissal on the ground that it had subsequently complied by obtaining a certificate authorizing it to do business in New Mexico. The trial court denied the Rule 60(b) motion and the plaintiff filed a second appeal. The Tenth Circuit dismissed the first appeal as

---

[15]*Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n. 4 (2005)).

[16]*See* Md. Code Ann. Corps. & Ass'ns § 7-301 (1993).

[17]70 F.3d 1282, 1995 WL 681484 (10th Cir. Nov. 2, 1995). Unpublished orders like *Calva Products* are not binding authority in the Tenth Circuit.

[18]*Id*. at *1.

6

moot and reversed the trial court's denial of the plaintiff's motion to reinstate based on its subsequent compliance.[19]

When the present case was filed, Plaintiff sought the following: an injunction to protect its world-wide exclusive rights, to obtain arbitration on its contract claims, and relief on its tort claims. As the unredacted version of the Complaint[20] shows, Plaintiff's breach of contract and tort claims are based on factual allegations regarding its national or international business operations and Defendants' actions or inactions with respect to those operations. Unlike the plaintiff in *Trinity Outdoor*, the relief Plaintiff seeks herein is not dependent on its ability to conduct business in Utah.

There is little Utah case law on § 16-10a-1502. In *Horton v. Richards*,[21] where the case was dismissed for the failure to obtain the certificate, the plaintiff "never applied for, or procured a certificate of authority to do business in Utah as required" by the statute.[22] At issue in *Horton* was an older version of the statute,[23] before the stay provision was added. *Horton* is distinguishable because, in that case, the plaintiff failed to even attempt to obtain a certificate.

---

[19]Id. at *2.

[20]Docket No. 1.

[21]594 P.2d 891 (Utah 1979).

[22]*Id*. at 892.

[23]*Id*. (citing former Utah Code Ann. § 16-10-106 (repealed and replaced with § 16-10a-1502)).

7

The Court finds that in the present case Plaintiff has complied with the requirement that it obtain the certificate for authority to do business in Utah and may, therefore, maintain this action. Plaintiff has alleged facts showing an "injury in fact," "a causal connection between the injury and the conduct complained of," and that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"[24] Thus, Plaintiff has met its burden of adequately alleging facts showing standing at this procedural stage. It is therefore

ORDERED that Defendants' Motion to Dismiss for Lack of Standing (Docket No. 44) is DENIED.

DATED April 8, 2010.

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge

---

[24]*Lujan*, 504 U.S. at 560-61 (citations and footnotes omitted).