IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARINE LIFE SCIENCES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNIQUE SEA FARMS, LTD., a British Columbia, Canada entity; TOM HARPER, and MARGARET HARPER,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION<br><br>Case No. 2:09-CV-914 TS |

Plaintiff seeks to compel arbitration of its claims arising from the parties' March 1, 2008 Exclusive License Agreement (Agreement). Plaintiff filed this case seeking (1) an injunction pending arbitration of its contract claims, (2) an order compelling arbitration of those contract claims,[1] and (3) trial on its declaratory judgment, trade secret, and tort claims.[2]

---

[1] Redacted Complaint, Prayer for Relief, at 30.

[2] *Id.* at ¶¶ 2 and 3.

1

Shortly thereafter, Defendants' counsel suggested a Canadian arbitration organization, or in the alternative, proposed that arbitration be held in the Pacific Northwest for the convenience of Defendants Tom and Margaret Harper.[3] Plaintiff responded by proposing that arbitration be conducted by the JAMS organization, based in Seattle, Washington. Thereafter, the parties' communications appear to have broken down and they did not agree on arbitration or a specific arbitrator.

Plaintiff then filed the present Motion to Compel Arbitration. The parties' Agreement provides for arbitration as follows:

> 12.2 Arbitration. Any claim, dispute or controversy arising out of or under this Agreement, the interpretation, validity or enforceability of this Agreement or the alleged breach thereof shall be submitted by the parties to binding arbitration by a mutually agreed upon national arbitration association, provided however, that this arbitration provision shall not preclude either Party from seeking injunctive relief from any court having jurisdiction with respect to any disputes of claims relating to or arising out of the misuse or misappropriation of either party's trade secrets or confidential and proprietary information.
>
> The arbitrator shall award costs and fees, including reasonable attorneys' fees, to the prevailing party, or he/she shall be free to apportion costs and fees as he/she deems reasonable under the circumstances.[4]

Defendants do not directly oppose the Motion to Compel Arbitration. However, as explained at a recent argument on a preliminary injunction, they contend that they should not be required to litigate this case and arbitrate at the same time. For that reason, they contend that all claims, not just the contract-related claims, should be arbitrated and that

---

[3]Docket No. 1, Ex. 2 at § 12.2.

[4]*Id.*

2

Plaintiff should dismiss this case. In addition, Defendant Margaret Harper seeks to have this case stayed as to her pending any arbitration.

The Court finds that the parties' Agreement requires arbitration and the Court will compel arbitration.

The parties disagree over the scope of the claims to be submitted to arbitration. Defendants argue that all of the claims should be arbitrated but Plaintiff disagrees. According to Plaintiff, the Agreement's arbitration provision is narrow. It covers claims "arising out of or under this Agreement, the interpretation, validity or enforceability of this Agreement or the alleged breach thereof,"[5] but does not include claims "relating to" the Agreement or its breach. Plaintiff argues that because the arbitration clause does not expressly include claims "relating to" the Agreement, it does not cover Plaintiff's claims for violation of the Utah Uniform Trade Secrets Act (sixth cause of action); unfair competition (seventh cause of action); and intentional interference with contracts and economic relations (eighth cause of action).

The Court finds that the Agreement includes an exclusivity provision and an agreement regarding the use of certain trademarks. The Complaint alleges that it is Defendants' contacts with customers about the alleged wrongful termination of that exclusivity provision and Defendants' alleged use of the trademarks in violation of the Agreement that form the basis of Plaintiff's claims of violation of the Utah Trade Secret Act,

---

[5] Docket No. 1, Ex. 2 at § 12.2.

unfair competition, and intentional interference.⁶ Therefore, the trade secret, unfair competition, and intentional interference claims all arise out of or under the Agreement or its alleged breach. Therefore, all of the claims are within the scope of the arbitration clause.

The Agreement does not specify how the arbitrator is to be chosen in the absence of a mutually agreed upon national arbitration association. Defendants do not dispute Plaintiff's representation that the JAMS organization is a national arbitration association. However, as the Tenth Circuit has explained:

> A petition to compel arbitration is governed by 9 U.S.C. § 4. That section states:
>
>> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement . . .. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. *The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.*⁷
>
> * * *

---

⁶*See, e.g.*, Complaint ¶¶ 74-80.

⁷*Ansari v. Qwest Communications Corp.*, 414 F.3d 1214, 1220 (10th Cir. 2005) (quoting 9 U.S.C. § 4) (emphasis added)

4

In other words, "a district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration." Any other result renders meaningless the § 4 mandate that arbitration and the order compelling arbitration issue from the same district. [8]

In the present case, the Agreement does not specify where the arbitration is to take place. Therefore, there is no impediment to this Court entering an order compelling the arbitration but § 4 mandates that the arbitration issue from this same district. The parties have not submitted names of suggested arbitrators in this district and shall be directed to do so.

The Court finds that the request to stay this action as to Defendant Margaret Harper is premature. Considering the history of the other Defendants' delay in beginning arbitration, the Court will consider a request to stay claims as to Margaret Harper pending arbitration only when arbitration is actually commenced.[9] If the other Defendants are not proceeding with arbitration, there is no reason to stay this case as to Margaret Harper. If arbitration is proceeding, the case will be stayed as to those Defendants, and the Court will consider if it should also be stayed as to Margaret Harper.

It is therefore

---

[8] *Id*. at 1220 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 328 (7th Cir. 1995)). *Compare 1mage Software v. Reynolds and Reynolds Co.*, 459 F.3d 1044 (10th Cir. 2006) (treating § 4 provision requiring that the arbitration be in the same district as a venue provision that was waived by the parties).

[9] *See* 9 U.S.C. § 3 (providing for a stay of trial where the issue is referred for arbitration "providing the applicant for the stay is not in default in preceding with such arbitration").

ORDERED that Plaintiff's Motion to Compel Arbitration (Docket No. 40) is GRANTED. It is further

ORDERED that the parties shall forthwith meet and confer regarding arbitration in this district. Within 14 days of the entry of this Order, the parties shall either file a stipulation naming their arbitrator or each shall file a list of three proposed arbitrators. It is further

ORDERED that the request to stay this case pending arbitration as to Defendant Margaret Harper is DENIED without prejudice to its renewal when arbitration is commenced.

DATED April 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge