IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARINE LIFE SCIENCES, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIQUE SEA FARMS, LTD., a British Columbia, Canada entity; TOM HARPER, and MARGARET HARPER,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION ON EXCLUSIVITY AND PRELIMINARY INJUNCTION<br><br><br>Case No. 2:09-CV-914 TS |

Plaintiff Marine Life Science (MLS) seeks a preliminary injunction preserving its alleged exclusive rights to license and market Unique Sea Farms, Ltd.'s product pending arbitration of their disputes. Based on the evidence at the hearing and the submissions of the parties, and the entire record in this case, the Court does hereby find and conclude as follows:

The last uncontested status that preceded the parties' controversy was the recognition of the exclusive license of Plaintiff Marine Life Sciences, Inc. (MLS) to market

and sell the product world-wide. Thus, although Unique Sea Farms argues that the exclusivity has been terminated, by seeking to preserve the exclusive marketing and distribution rights, MLS is seeking to preserve the status quo.

MLS has shown that it is likely to prevail on the merits of its claims regarding the parties' Agreement in arbitration. Arbitration has been compelled by a separate order.

Without a preliminary injunction pending arbitration, MLS will suffer irreparable harm in the form of loss of its currently existing market and customers, loss of credibility, reputation, and goodwill with specific existing customers, and its current and future competitive market position. MLS has made a considerable investment of money and time in developing customer goodwill as well as specific markets for the product. The product is unique and MLS will suffer a competitive disadvantage if its exclusive rights to market and distribute the product are lost. All of these losses will be difficult to quantify.

The balance of equities tips in MLS's favor. The public interest is not implicated by the Motion. A bond is required, but Unique Sea Farms' request for a bond of $3.2 million is not supported by the record. The amount of the bond should be what the "court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained,"[1] not the total amount of alleged arrearage under a contract. The Court finds that the amount of the bond should be $200,000.

---

[1] FED. R. CIV. P. 65(c).

Accordingly, the Court finds and concludes MLS has met the required elements, procedures and grounds for issuance of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and Tenth Circuit precedent.

However, MLS has not shown that this preliminary injunction should cover Canada Marine Life Sciences, Inc. (CMLS). That company is a wholly owned subsidiary of Plaintiff. However, CMLS is not a party herein. Further, it appears that there is a pending trademark action in a court in Canada between Unique Sea Farms and CMLS. It further appears that there is an injunction motion pending in that Canadian action. Because another court has jurisdiction over the trademark dispute between CMLS and Unique Sea Farm, Unique Sea Farms' and Tom Harper's actions, if any, regarding CMLS are not covered by this preliminary injunction. It is therefore

ORDERED that Plaintiff MLS's Motion for a Preliminary Injunction regarding exclusivity (Docket No. 17) is GRANTED. It is further

ORDERED that Defendants Unique Sea Farms, Ltd. (Unique Sea Farm) and Tom Harper, together with their officers, agents, employees, attorneys, and other persons who are in active concert or participation with them, are prohibited from engaging in any acts that deprive Marine Life Sciences, Inc. of its rights to exclusively market and distribute Unique Sea Farm's marine phytoplankton in a paste form and products bearing the UMAC-Core name and any products containing the UMAC or Alpha-3 CMP ingredient. Prohibited conduct includes any actions that aid or abet other persons or entities outside of Marine Life Sciences, Inc. in the marketing or distribution of any such product bearing the UMAC-Core name or containing the UMAC or Alpha-3 CMP ingredient. Prohibited conduct also

includes any actions that aid or abet others outside of Marine Life Sciences, Inc. in the use of various exclusively-licensed trademarks or trade names of Unique Sea Farms, Tom Harper or Marine Life Sciences, Inc., including "UMAC-Core," "UMAC" and "Alpha-3 CMP." Prohibited conduct also includes the making of any communications to Marine Life Sciences, Inc.'s customers or distributors, or to the market as a whole, to the effect that Marine Life Sciences, Inc. does not have such worldwide exclusive rights or that such rights have been terminated. It is further

ORDERED that this preliminary injunction does not cover any actions Unique Sea Farms and Tom Harper may take regarding Canada Marine Life Sciences, Inc., including pursuing any existing litigation pending in another court. It is further

ORDERED that this preliminary injunction shall become effective immediately upon the posting of a bond by Plaintiff Marine Life Sciences, Inc. in the amount of $200,000 and shall continue until the earliest of the following: any decision or ruling on injunctive relief by the arbitrator; a judgment on the merits by the arbitrator; or further order of this Court.

DATED April 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge