IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARINE LIFE SCIENCES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNIQUE SEA FARMS, LTD., a British Columbia, Canada entity; TOM HARPER, and MARGARET HARPER,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT MARGARET HARPER'S MOTION TO STAY AND GRANTING PLAINTIFF'S MOTION FOR A SCHEDULING ORDER<br><br>Case No. 2:09-CV-914 TS |

Defendant Margaret Harper seeks a stay of the proceedings in this case pending the arbitration of the claims of the other defendants. She argues that a stay is appropriate because she is not a party to the agreement at issue in the arbitration, she would be subject to possible inconsistent results, and she would be subject to economic hardship if the same witnesses and employees would be required to participate in nearly identical actions. Finally, she argues that a stay of the claims against her pending arbitration would

1

promote judicial economy because of the potential for inconsistent rulings and the expense of duplicate discovery.

Plaintiff argues that Margaret Harper has not met her burden of showing grounds for a stay. It argues that only one of its claims against Margaret Harper also involves the arbitrating Defendants; the other six claims stand apart from its contract based claims against the arbitrating Defendants, and the arbitration decision will have no bearing on those stand alone claims. Plaintiff argues that it is unable to obtain discovery against Margaret Harper in the arbitration proceeding and therefore must proceed with such discovery in this case. In addition, in a more recent filing, Plaintiff acknowledges that Margaret Harper may have health concerns,[1] but also argues that her husband's testimony is that she is well enough to manage a business several hours a day. Plaintiff argues that any health concerns should be specifically addressed during discovery with special accommodations. Plaintiff requests a scheduling order so that it may proceed with its claims against Margaret Harper.

The Court deferred Margaret Harper's previous request for a stay pending arbitration until arbitration had actual begun.[2] Now that arbitration has begun she again requests a stay. The case *Coors Brewing Co. v. Molson Breweries,*[3] explains the standards for granting a stay of proceedings against a non-arbitrating party:

---

[1] Docket Nos. 124 and 125.

[2] Docket No. 97.

[3] 51 F.3d 1511 (10th Cir. 1995).

> Staying [a non-arbitrating party] is based upon considerations of judicial efficiency. In addition, courts have held that arbitration should proceed in tandem with non-arbitrable litigation. Finally, the district court's control of its docket is an important factor.[4]

In the present case, the Court finds that judicial efficiency is best served by proceeding with the case as to non-arbitrating party Margaret Harper. Many of Plaintiff's claims against her are not dependent on the outcome of the arbitration. Those claims should go forward. While her health is a consideration, so is Plaintiff's need to conduct discovery during times she is able to participate. Any specific health concerns may be addressed in the context of any specific accommodations requested. Margaret Harper will not be subject to duplicate discovery if the case is not stayed because she has refused to participate in discovery in the arbitration proceeding because she is not a party thereto.[5] Similarly, inconsistent rulings should not be a problem since Margaret Harper's position is that she is not a party to the arbitration. Therefore she would not be bound by the arbitrator's decision. Thus, duplication of efforts is not an issue. Finally, control of the docket is an issue as it appears that if this case is stayed as to Margaret Harper it would be merely delayed, but not resolved, by the arbitration.

It is therefore

ORDERED that Margaret Harper's Motion for a Stay (Docket No. 118) is DENIED. It is further

---

[4] *Id*. at 1518.

[5] Docket No. 120, Ex. A

ORDERED that Plaintiff's Request for a Scheduling Order (Docket No. 124) is GRANTED. Within 14 days of the entry of this order the parties shall confer regarding a proposed scheduling order. Within 21 days of the entry of this order they shall submit a joint proposed scheduling order or, if they are unable to agree, file a notice of their disagreement.

DATED   March 23, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge